STATE of Utah, Plaintiff and Appellee,

v.

**Forrest Lee WHITTLE, Defendant and Appellant.**

No. 870287.

Supreme Court of Utah.

Sept. 26, 1989.

James A. Valdez, Elizabeth A. Bowman, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Charlene Barlow, Salt Lake City, for plaintiff and appellee.

ZIMMERMAN, Justice:

Defendant Forrest Lee Whittle was charged and convicted, following a jury trial, of two first degree felonies, aggravated sexual assault and aggravated robbery. Utah Code Ann. § 76–5–405 (Supp.1987) (amended 1989); § 76–6–302 (1978) (amended 1989). Whittle appeals his convictions, making several claims of prosecutorial misconduct and claiming that there was insufficient evidence to sustain the verdict. We affirm.

We recite the facts from the record on appeal in a light most favorable to the jury's verdict due to Whittle's insufficiency of the evidence claim. *E.g., State v. Verde*, 770 P.2d 116, 117 (Utah 1989); *State v. Booker*, 709 P.2d 342, 345 (Utah 1985). On the afternoon of February 3, 1987, Whittle and a friend, Michael Staples, met the victim, Wendell Rhines, with whom they were both acquainted through a mutual friend, in downtown Salt Lake City. They invited Rhines to their apartment that evening. Rhines arrived at the apartment shared by Whittle and Staples between 11 p.m. and 12 p.m. Rhines and Whittle spoke for twenty to thirty minutes at the apartment, at which point Whittle suggested they go to a nearby convenience store for a soft drink. Because Whittle claimed he had no money, Rhines offered to buy the drink with the forty dollars in his wallet. Whittle went to put on a shirt in the bedroom. Staples was also in the bedroom. Rhines heard whispering in the bedroom.

All three men left the apartment and walked through an alley toward the convenience store. While in the alley, Whittle stopped and ordered Rhines to perform sex acts with him. Rhines declined, but Whittle persisted, finally hitting Rhines with "something hard" on the side of the head. Staples then hit and kicked Rhines in the stomach, face, and knees, and both Staples and Whittle threw Rhines over the arms of a chair that had been abandoned in the alley. Rhines felt a hand going through his back pocket and removing his wallet. Whittle moved to the front of Rhines and attempted to insert his penis in Rhines' mouth. Being unable to do so, he moved behind Rhines, pulled Rhines' pants down below his knees, applied a greasy substance to Rhines' rectum and penetrated it. Staples followed. After these acts, Whittle warned Rhines that if he told anyone of the night's events, he would be in trouble. He specifically stated that he had brothers who didn't like "niggers" and who would be after Rhines if he complained to the police.

Rhines then ran out of the alley, with Whittle and Staples following him. Rhines eventually escaped and ran to a police station. He arrived at the station at approximately 2:30 a.m. Rhines was taken to a hospital emergency room, where the examining doctor observed bruises on both sides of Rhines' face, a large bruise on the right side of his head, a bruise on each side of his hips, a large bruise on his right shin, and bruises on his buttocks. Examination of Rhines' rectal area revealed abrasions of the rectal tissue and two substances around the rectum—a white, glistening substance, and a clear, greasy substance. An analysis of the substances taken from Rhines' rectal area revealed sperm. Skull x-rays taken showed a linear skull fracture.

Whittle was charged with aggravated sexual assault and aggravated robbery. Utah Code Ann. §§ 76–5–405, 76–6–302. A jury convicted him on both counts. Whittle was sentenced in July of 1987 to a minimum mandatory sentence of five years to life for the aggravated sexual assault and a concurrent term of five years to life for aggravated robbery.

■ Before this Court, Whittle makes a number of claims of prosecutorial misconduct; he also claims there was insufficient evidence to convict him. Although Whittle claims that the prosecutor erred in several respects, he failed to object to any of the alleged misconduct at trial. As a general rule, a timely and specific objection must

be made in order to preserve an issue for appeal. Utah R.Evid. 103(a); *See, e.g., State v. Dibello,* 780 P.2d 1221, 1227 n. 4 115 Utah Adv.Rep. 20, 22 at n. 4 (Utah 1989); *State v. Eldredge,* 773 P.2d 29, 34–35 (Utah 1989); *Verde,* 770 P.2d at 118. Absent a timely objection, we will review an alleged error only if it is obvious and harmful, i.e., only if it constitutes "plain error." Utah R.Evid. 103(d); *Eldredge,* 773 P.2d at 35; *Verde,* 770 P.2d at 122. Unless the prosecutorial misconduct objected to now on appeal constitutes plain error, we will not consider it. In the present case, we have reviewed the record and the arguments of the parties and come to the firm conclusion that none of the claimed errors rises to the level of "plain error." They deserve no further discussion.

█ Whittle challenges the aggravated robbery conviction on a sufficiency-of-the-evidence claim. It is well settled in Utah that a challenge to the sufficiency of the evidence requires that the Court

"review the evidence and all inferences which may reasonably be drawn from it in the light most favorable to the verdict of the jury. We reverse a jury conviction for insufficient evidence only when the evidence, so viewed, is sufficiently inconclusive or inherently improbable that reasonable minds must have entertained a reasonable doubt that the defendant committed the crime of which he [or she] was convicted."

*Verde,* 770 P.2d at 124 (citing *State v. Booker,* 709 P.2d 342, 345 (Utah 1985)) (quoting *State v. Petree,* 659 P.2d 443, 444 (Utah 1983)). Whittle argues that the evidence was inconclusive as to whether he or Staples took the wallet. At trial, Rhines stated that he did not know who took the wallet; Rhines had earlier told a police officer, and the police officer testified at trial, that Whittle took the wallet. Given Rhines' admitted fear of Whittle, the jury could have believed Rhines' earlier statement to the police officer and discounted the statement at trial in Whittle's presence. Reasonable minds could have come to the conclusion that Whittle took the wallet.

Therefore, we will not reverse the jury conviction for aggravated robbery.

We affirm the convictions.

HALL, C.J., HOWE, Associate C.J., and STEWART and DURHAM, JJ., concur.