**STATE of Utah, Plaintiff and Appellee,**

v.

**Bruce ELM, Defendant and Appellant.**

**No. 890272.**

Supreme Court of Utah.

March 29, 1991.

Shelden R. Carter, Provo, for defendant and appellant.

R. Paul Van Dam, Charlene Barlow, Salt Lake City, for plaintiff and appellee.

HOWE, Associate Chief Justice:

Defendant Bruce Elm was charged by information with one count of sodomy on a child, a first degree felony in violation of Utah Code Ann. § 76-5-403.1 (1990), and two counts of aggravated sexual abuse of a child, also first degree felonies, in violation of section 76-5-404.1(3). In exchange for dismissal of two of the charges, Elm pleaded guilty to one count of aggravated sexual abuse of a child, which is punishable by imprisonment for a minimum mandatory term of three, six, or nine years and which may be for life.

At the sentencing hearing, the trial judge permitted concerned persons to address the court. The mother of one of the victims made a statement, as did defendant's father and ecclesiastical leader. Following these statements, the court analyzed the mitigating and aggravating circumstances, but found that neither predominated. The court then imposed the middle six-year term under the minimum mandatory statute, § 76-3-201(5)(a), sentencing defendant to six years to life.

I

■ Defendant contends that the trial court abused its discretion in sentencing him to the term of middle severity. He asserts that the court erred in finding that the mitigating circumstances did not outweigh the aggravating circumstances. Therefore, defendant argues, he should have been sentenced to the minimum three-year term instead of the middle six-year term.

Sentencing procedures under the minimum mandatory requirements were analyzed in some detail in a recent decision by this court, *State v. Gibbons*, 779 P.2d 1133 (Utah 1989). In *Gibbons*, the defendant similarly argued that the mitigating circumstances outweighed the aggravating circumstances and, therefore, he should have been sentenced to the lesser minimum mandatory term. *Gibbons* at 1134-35. We there interpreted the section 76-3-201 procedure for imposing a sentence as requiring a court to "(1) identify the mitigating and aggravating circumstances and (2) state the reasons for whichever minimum mandatory sentence is imposed." *Gibbons* at 1137.

Pursuant to section 76-3-201(5)(a), a trial court, in sentencing under the minimum mandatory procedures, begins with a presumption of middle severity: "If a statute under which the defendant was convicted mandates that one of three stated minimum terms shall be imposed, the court shall order imposition of the term of middle severity unless there are circumstances in

aggravation or mitigation of the crime." The trial court must then determine whether it is appropriate, in light of the circumstances of an individual defendant, to vary from the statutory presumption of the term of middle severity.

In the instant case, the trial court found only two mitigating factors: (1) defendant is amenable to supervision and (2) he has good employment and is supported by his parents. The court nevertheless tempered these findings of mitigation with the observation: "[W]hile support from friends and neighbors and acquaintances [is] significant, the problem with that type of support is that most of them would not have any ... insight ... about what was going on in the confines of one's home. Homes are secret places...."

The court, on the other hand, found several serious aggravating circumstances. The first was "repetitive criminal conduct." The court stated, "The evidence is clear that this course of conduct persisted over a considerable number of years, that it involved [a] considerable number of people even in addition to the daughters of the defendant." Second, the victims were particularly vulnerable. The court noted, "There are young women, young people who are under the influence, under the trust, under the authority of the defendant." Third, there were multiple victims. As the trial court stated, "While there is only one charge ... there [is] evidence by his own admission and otherwise that many victims were involved over a period of a number of years."

The trial court fully complied with the procedures required by section 76-3-201 in that it identified the mitigating and aggravating circumstances prior to sentencing. It also made clear the reason for the sentence of middle severity: the aggravating circumstances did not outweigh the mitigating circumstances.

A sentence will not be overturned on appeal unless the trial court has abused its discretion. *State v. Russell,* 791 P.2d 188, 192–93 (Utah 1990); *State v. Shelby,* 728 P.2d 987, 988 (Utah 1986); *State v. Gerrard,* 584 P.2d 885, 887 (Utah 1978). As

this court stated in *Russell,* "An abuse of discretion may be manifest if the actions of the judge in sentencing were 'inherently unfair' or if the judge imposed a 'clearly excessive' sentence." *Russell* at 192–93 (citing *State v. Gerrard,* 584 P.2d at 887). We conclude that although mitigating circumstances do exist, there are aggravating circumstances to balance any mitigating circumstances. Therefore, there was no abuse of discretion in the court's imposing the term of middle severity.

## II

■ Defendant contends that he has been denied due process as a result of procedural defects in the sentencing process. He argues that he did not have access to the presentence report as required by section 76-3-201(5)(b) and, therefore, his attorney was unable to prepare adequately for the sentencing hearing. As a result, Elm claims that he was denied his due process right to effective assistance of counsel. He also asserts that he was denied his due process right to confront witnesses against him because he was not permitted to cross-examine the mother of the victim who made a statement at the sentencing hearing. In addition, defendant complains that since none of the people who spoke at the sentencing hearing were under oath, the trial court violated Utah Rule of Evidence 603, which requires that witnesses be placed under oath prior to testifying.

However, Elm failed to make specific objections to any of these alleged defects at the sentencing hearing, as required by Utah Rule of Evidence 103(a), and therefore, he has waived his right to raise these issues at this time. *State v. Bullock,* 791 P.2d 155, 158 (Utah 1989), *cert. denied,* 497 U.S. ——, 110 S.Ct. 3270, 111 L.Ed.2d 780 (1990); *State v. Larson,* 775 P.2d 415, 418 (Utah 1989); *State v. Hales,* 652 P.2d 1290, 1292 (Utah 1982). Although defendant made a general objection to the sentence, it was insufficient to preserve the issues for appeal. *State v. Whittle,* 780 P.2d 819, 820–21 (Utah 1989); *State v. Johnson,* 774 P.2d 1141, 1144–45 (Utah 1989). Counsel

for Elm simply said at the end of the sentencing hearing: "Your Honor, just for the purpose of the record, may we express our objection to the sentencing so we may be able to preserve that for purposes of appeal?"

The only exception to the rule that objections need to be timely and specific in order to be considered on appeal is if the alleged error constitutes "plain error." Utah R.Evid. 103(d); *Whittle* at 821; *see State v. Eldredge*, 773 P.2d 29, 35–36 (Utah), *cert. denied*, 493 U.S. ——, 110 S.Ct. 62, 107 L.Ed.2d 29 (1989) (detailed analysis of Utah R.Evid. 103(d)). In order for an error to be "plain," an appellate court must find that it should have been obvious to the trial court that it was committing error. *Eldredge* at 35. We have examined the records of the sentencing hearing and the arguments of both parties. None of the errors cited rise to the level of "plain error."

The sentence is affirmed.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.