**STATE of Utah, Plaintiff and Appellee,**

v.

**Randall BROWN, Defendant and Appellant.**

**No. 910464–CA.**

Court of Appeals of Utah.

May 12, 1993.

Rehearing Denied June 28, 1993.

David C. Nye (argued), Merrill & Merrill, Chartered, Pocatello, ID, for defendant and appellant.

Jan Graham, State Atty. Gen., Marian Decker (argued), Asst. Atty. Gen., Governmental Affairs, Salt Lake City, for plaintiff and appellee.

Before GARFF, GREENWOOD and ORME, JJ.

GREENWOOD, Judge:

Defendant, Randall Brown, appeals his jury trial conviction for exhibiting harmful material to a minor in violation of Utah Code Ann. § 76–10–1206 (1989). Because defendant failed to preserve the issues upon which he bases his appeal, he has waived the right to assert these challenges. We therefore affirm defendant's conviction.

## BACKGROUND

Sometime during May or June of 1989, defendant, a science teacher at the local middle school, asked a fifteen year old female student (L.F.) to come to his apartment. When L.F. arrived, defendant invited her to watch a video which she later described as showing "sexually active people" apparently engaged in heterosexual and homosexual activity. L.F. testified that she left defendant's apartment when he started "want[ing] [her] to do things that [she] didn't want to do."

Almost a year later, L.F. told police that she had engaged in sexual intercourse with defendant. The sheriff's department then detained defendant for questioning, during which defendant denied the sexual intercourse allegation but admitted to showing L.F. part of a "dirty movie." When the police re-interviewed L.F., she admitted that she had never had intercourse with defendant, but had lied to get even with him "about something."

Two years after L.F.'s visit to defendant's home, defendant was tried on the charge of exhibiting material harmful to a minor. Two days prior to the trial, two officers went to L.F.'s school and showed her parts of three X-rated video tapes, with permission from the prosecutor, but without her parents' consent or knowledge. During the trial, the prosecutor showed a portion of one of those videos to L.F. and the jury. The jury convicted defendant and the trial court sentenced him to five years imprisonment and imposed a $5000.00 fine. The trial court then stayed sentence, placing defendant on probation subject to his serving the fourteen day minimum mandatory sentence and abiding by other probation conditions. Defendant appealed his conviction.

After filing the appeal, defendant's attorney petitioned the trial court for a certificate of probable cause pursuant to Utah R.Crim.P. 27, seeking defendant's release during the pendency of his appeal. Although the trial court denied defendant's motion, this court subsequently determined that, based on the criteria in Utah Code Ann. § 77–20–10(1)(a) & (b), defendant's appeal merited issuance of a certificate of probable cause. On remand, however, the trial court concluded that defendant had not met his burden under section 77–20–10(1)(c) of proving that he would not flee and that his release would not pose a danger to another person or the community. Defendant was, therefore, ineligible for release and was required to serve the sentence originally imposed while this appeal was pending.

## ANALYSIS

### Preserving Issues for Appeal

On appeal, defendant challenges both the facial constitutionality of the statute and the enforcement procedure which formed the bases for his conviction. The State counters defendant's challenges on procedural grounds, asserting the threshold argument that defendant's failure to preserve these issues before the trial court constitutes a waiver which precludes our consideration of the issues on appeal.

■ As a general rule, appellate courts will not consider an issue, including a constitutional argument, raised for the first time on appeal unless the trial court committed plain error or the case involves exceptional circumstances. *State v. Brown*, 853 P.2d 851 (Utah 1992); *State v. Gibbons*, 740 P.2d 1309, 1311 (Utah 1987); *State v. Archambeau*, 820 P.2d 920, 922 (Utah App.1991).[1] *See also State v. Loe*, 732 P.2d 115, 117 (Utah 1987); *State v. Belgard*, 811 P.2d 211, 213–15 (Utah App.) *cert. granted*, 817 P.2d 327 (Utah 1991). The purpose of requiring a properly presented objection is to "put[ ] the judge on notice of the asserted error and allow[ ] the opportunity for correction at that time in the course of the proceeding." *Broberg v.*

---

1. This waiver doctrine is codified in Utah Rules of Criminal Procedure 12(d). Rule 12(d) provides:

   Failure of the defendant to timely raise defenses or objections or to make requests which must be made prior to trial or at the time set by the court shall constitute waiver thereof, but the court for cause shown may grant relief from such waiver.

*Hess*, 782 P.2d 198, 201 (Utah App.1989). The trial court is considered "the proper forum in which to commence thoughtful and probing analysis" of issues. *State v. Bobo*, 803 P.2d 1268, 1273 (Utah App.1990) (requiring defendants to introduce their request for state constitutional interpretation before the trial court). Failing to argue an issue and present pertinent evidence in that forum denies the trial court "the opportunity to make any findings of fact or conclusions of law" pertinent to the claimed error. *LeBaron & Assoc. v. Rebel Enter.*, 823 P.2d 479, 483 n. 6 (Utah App.1991) (discussing *Turtle Management, Inc. v. Haggis Management, Inc.*, 645 P.2d 667 (Utah 1982)).

■ Therefore, to ensure the trial court's opportunity to consider an issue, appellate review of criminal cases in Utah requires "that a contemporaneous objection or some form of specific preservation of claims of error must be made a part of the trial court record." *State v. Tillman*, 750 P.2d 546, 551 (Utah 1987). *See also State v. Emmett*, 839 P.2d 781, 783–84 (Utah 1992); *State v. Shickles*, 760 P.2d 291, 301 (Utah 1988).

The requirements of specificity and timeliness for issue preservation are distinct, and the posture of this case has made each a separate consideration. Because defendant modified his trial issues in a post-trial petition, we must consider independently (1) whether defendant sufficiently specified the issues he appeals at trial to preserve them for our consideration, and (2) if not, whether defendant's post-trial petition for certificate of probable cause was sufficiently timely to preserve defendant's newly articulated challenges.

### Specificity

■ The statute under which defendant was charged provides in pertinent part: "A person is guilty of dealing in harmful material when, knowing that a person is a minor, ... he (a) knowingly ... exhibits or offers to exhibit any harmful material to a minor." Utah Code Ann. § 76–10–1206(1) (1989). It excludes from culpability the parents or legal guardian of a minor, *id.* at § 76–10–1206(2)(a), or one who exhibits harmful material to a minor in the presence of his or her parents or legal guardian, *id.* at § 76–10–1206(2)(b).

At various times during the trial, defendant's counsel alluded to defendant's intent to challenge the constitutionality of the statute. For purposes of this challenge, the trial court gave defendant opportunities to elicit testimony from L.F. and the police officers which indicated that the minor's parents had not consented to the officers' showing videos to L.F. while she was at school and that they were not present during that showing. In a motion for a directed verdict, defendant's counsel presented two theories, for which he had evidently created this record, indicating the absence of parental consent or presence. First, he argued that the State failed to prove that defendant did not have parental consent to show L.F. the video. Second, he claimed that the statute's parental exception, allowing parents to exhibit to their children material harmful to minors, violated defendant's right to equal protection and due process. The trial court denied defendant's motion, ruling that the State had carried its burden of proof and the statute withstood the constitutional challenge because the parental exception reasonably anticipated a beneficial purpose for parents presenting otherwise harmful material to their own children.

In his post-conviction petition for certificate of probable cause and on appeal defendant recharacterized these challenges. First, he complained that while the statute's plain language does not criminalize the showing of harmful material by a minor's parent, it does forbid the spouse of a minor from showing the same material to his or her marital partner. Defendant invoked the overbreadth doctrine to allow him, on behalf of the spouse of a minor, to challenge what he considers to be a substantial infringement on the First Amendment and privacy rights of a lawfully wed couple, one of whose partners is a minor. Second, he asserted two objections to the behavior of the police involved in his case: (1) he claimed that the State violated his

due process rights by selectively enforcing the statute, convicting him for an offense which the police officers committed to a greater extent than he did; and (2) he claimed that the police officers' conduct in pursuit of his conviction was so outrageous that his conviction should be invalidated. The State argues that defendant failed to preserve any of these issues and, therefore, waived the right to have them considered on appeal.

Utah courts require specific objections in order "to bring all claimed errors to the trial court's attention to give the court an opportunity to correct the errors if appropriate." *VanDyke v. Mountain Coin Mach. Distrib., Inc.*, 758 P.2d 962, 964 (Utah App.1988) (failing to object specifically to a jury instruction constituted waiver); *see also State v. Webb*, 790 P.2d 65, 77 (Utah App.1990) (requiring suppression motions to be supported by precise averments of the grounds therefor, not conclusory generalizations); *State v. Ross*, 782 P.2d 529, 532 (Utah App.1989) (finding that Rule 103(a)(1) and (d) of the Utah Rules of Evidence require contemporaneous, specific objection to allegedly improper prosecutorial conduct). This specificity requirement arises out of the trial court's need to assess allegations by isolating relevant facts and considering them in the context of the specific legal doctrine placed at issue. For this reason, a general objection may be insufficient to preserve a specific substantive issue for appeal. *State v. Elm*, 808 P.2d 1097, 1099 (Utah 1991) (discussing *State v. Whittle*, 780 P.2d 819, 820–21 (Utah 1989); *State v. Johnson*, 774 P.2d 1141, 1144–45 (Utah 1989)). The "mere mention" of an issue without introducing supporting evidence or relevant legal authority does not preserve that issue for appeal. *LeBaron & Assoc. v. Rebel Enterprises*, 823 P.2d 479, 483 (Utah App.1991). An oblique reference to an issue in the absence of an "objection to the trial court's failure to rule on the issue" does not put that issue properly before the court. *Id.* (discussing *James v. Preston*, 746 P.2d 799, 801–02 (Utah App.1987). In sum, " '[f]or an issue to be sufficiently raised, even if indirectly, it must at least be raised to a

level of consciousness such that the trial judge can consider it.' " *Id.* (quoting *James*, 746 P.2d at 802).

Applying the requirements and rationale for specificity to the arguments presented in this case, we conclude that the statements, motions, and objections made by defendant's attorney during the trial did not bring to the trial court's conscious awareness or attention either the overbreadth issue involving married minors or the police misconduct issues. Defendant argues that although his motion for a directed verdict did not use the term "overbreadth," it did raise a sufficiently broad constitutional challenge to preserve this facial challenge for appeal. However, defendant's Fourteenth Amendment challenge concerned different facts and involved different legal criteria than a First Amendment challenge to protect the speech or privacy rights of the spouse of a minor. Similarly, defendant's claim at trial that the State had not proven that defendant lacked consent to show L.F. the video is unrelated to his allegations of police misconduct on appeal. Defendant made no motion and asked for no relief on the basis of the police conduct during the trial. His mere allusion to police misconduct is insufficient to preserve that issue for appeal. Further, defendant introduced no supporting evidence or legal authority relevant to selective prosecution, outrageous conduct, spousal rights, or a First Amendment issue, and the trial court made no findings relevant to those legal doctrines. We, therefore, conclude that, during the course of the trial, defendant did not adequately preserve the three challenges set forth in this appeal.

## Timeliness

■ Because defendant's original challenges lacked the substantive specificity to preserve the issues presented in this appeal, this court must consider whether defendant's later actions were sufficiently timely to avoid the State's claim of waiver. Utah courts consider timeliness a pre-condition to appellate review because entertaining belatedly raised issues "sanction[s] the

practice of withholding positions that should properly be presented to the trial court but which may be withheld for the purpose of seeking a reversal on appeal and a new trial or dismissal." *State v. Lee,* 633 P.2d 48, 53 (Utah 1981); *State v. Webb,* 790 P.2d 65, 78 (Utah App.1990).

Defendant first presented the three appealed issues in a Rule 27 petition for a certificate of probable cause, wherein a defendant seeks to stay sentence during the pendency of appeal.[2] Utah R.Crim.P. 27(b). Rule 27 requires the trial court to consider the written application stating potential grounds for issuance of the certificate and to hold a hearing on the matter. *Id.*

According to defendant, the concerns underlying the timeliness requirement of the waiver doctrine are properly met when a defendant raises issues through a Rule 27 Petition for Certificate of Probable Cause. Based on *State v. Johnson,* 821 P.2d 1150, 1161 (Utah 1991), which addressed a motion for a new trial under Utah R.Crim.P. 24, he urges that because Rule 27 gives the trial court the "first opportunity to address a claim that it erred," presentation of issues in that context considerably weakens "the justification. for rigid waiver requirements."

Defendant argues that a petition for certificate of probable cause is inherently part of the trial process, not part of the appellate process. Defendant also claims that the time frame for preserving issues in criminal trials should include post-conviction proceedings because a trial court retains ongoing authority to grant a new trial under Rule 24 of the Utah Rules of Criminal Procedure. In the alternative, defendant argues, based on *Johnson,* 821 P.2d at 1161, that if a trial court addresses a new issue post-trial, rather than dismissing it on the basis of waiver, an appellate court may then consider that issue even if it was not properly preserved. *See also State v. Seale,* 853 P.2d 862 (Utah 1993) (addressing an issue while considering a motion for a new trial "resuscitated" the defendant's "right to assert the issue on appeal").

In assessing defendant's arguments, we note that a Rule 27 petition does require the trial court to consider the substantive issues appealed by a defendant to the extent that the trial court must determine whether "the issues of fact or law raised on appeal are substantial," because of their novelty or debatability and their effect on the conviction. *State v. Neeley,* 707 P.2d 647, 649 (Utah 1985). However, the consideration of issues in a Rule 27 petition has the specifically limited purpose of assessing the substantiality of appealed issues, and a decision in the defendant's favor provides a specifically limited relief, potential release during the pendency of the appeal.

Furthermore, although the trial court considering the Rule 27 motion has jurisdiction to consider the substantiality of appealed issues, a notice of appeal has already been filed at the time the motion is made. Because timely notice of appeal generally "divests the trial court of further jurisdiction over a matter," *State v. Sampson,* 806 P.2d 233, 234 (Utah App.1991) (discussing Utah R.Crim.P. 27 and Utah Code Ann. §§ 77–10–1, –10 (1990)), the trial court considering a Rule 27 motion lacks jurisdiction to reconsider the conviction. *Cf. Kennedy v. New ERA Indus.,* 600 P.2d 534, 536 n. 3 (Utah 1979). This jurisdictional status contrasts with that in a Rule 24 motion for a new trial, requiring consideration by a trial court prior to the filing of an appeal.[3] These inherent limitations in a

---

2. In pertinent part, Rule 27(b) states, "A certificate of probable cause shall be issued if the court hearing the application determines that there are meritorious issues that should be decided by the appellate court." This rule was amended, effective May 1, 1993.

3. We find that *Johnson* is not persuasive precedent for the argument that a Rule 27 motion can vivify an unpreserved issue. The court in *Johnson* addressed a motion for a new trial under Utah Code Ann. § 77–35–24 (1982), precursor to Utah Rules of Criminal Procedure 24. *Johnson,* 821 P.2d at 1161. In considering a motion for a new trial, the trial court retains jurisdiction to reconsider the verdict because jurisdiction has not yet been divested by the filing of a notice of appeal. Utah R.App.P. 4(b) ("the time for appeal for all parties shall run from entry of the order denying a new trial or granting or denying any other such motion.")

Rule 27 proceeding indicate a Rule 27 petition does not provide the trial court an adequate, timely opportunity to consider the issues raised therein so as to give life to unpreserved issues first brought to light in that petition.[4]

Because defendant failed to timely preserve the three issues presented on appeal, we conclude that defendant waived those issues for purpose of appeal.[5] This waiver conclusively precludes our consideration of any of the unpreserved issues unless the record indicates that the issues raised fit within the "two limited but well-established exceptions" to the general rule of waiver. *State v. Archambeau*, 820 P.2d 920, 922 (Utah App.1991).

## Waiver Exceptions

In his reply brief, defendant claims that if this court should find the issues he raises on appeal were not properly preserved, he could still base an appeal on those issues because they fit within accepted exceptions to the waiver doctrine recognized in Utah.

In *State v. Brown*, 853 P.2d 851 (Utah 1992), the Utah Supreme Court clarified that issues raised for the first time on appeal would be addressed only if the trial court proceedings demonstrated "plain error." Plain error will be found only if the appellate court determines that (1) the error "should have been obvious to a trial court ...[; and (2)] the error must be harmful in that it affects the substantial rights of the accused." *Id.* The plain error exception acts as "a safety device to make certain that manifest injustice does not result from the failure to consider an issue on appeal." *State v. Archambeau*, 820 P.2d 920, 923 (Utah App.1991). *See also State v. Eldredge*, 773 P.2d 29, 35

(Utah 1989), *cert. denied*, 493 U.S. 814, 110 S.Ct. 62, 107 L.Ed.2d 29 (1989).

Defendant asserts that plain error occurred in his case because the statute under which he was convicted was facially unconstitutional. We are not persuaded that obvious error constituting plain error occurred in the trial proceedings. We, therefore, will not set aside the general rule barring consideration of defendant's issues raised for the first time on appeal.

## CONCLUSION

Because defendant did not present the above described objections with the required specificity and timeliness, he failed to preserve those issues for appeal. Defendant also failed to convince us that the issues he raises fit within the exceptions to the general rule barring consideration of issues asserted initially on appeal. We, therefore, affirm defendant's conviction for exhibiting harmful material to a minor.

GARFF and ORME, JJ., concur.

---

**4.** This principle is particularly persuasive in this case, where the trial court denied the petition for certificate of probable cause. The denial could have properly been on the basis that the issues defendant raised on appeal were waived because they were not raised during the trial. *See also Johnson*, 821 P.2d at 1161 (the trial court could "refuse to consider the merits of the argument on the motion for new trial because it may find the issue waived. If so, the issue can

be considered on appeal only if [there was] plain error.").

**5.** Although we do not address the issue of police conduct as framed by defendant, we express grave concern if his description of this conduct is accurate and police officers did show several x-rated videos to the minor without her parents' knowledge or consent.