2004 UT App 36

**STATE of Utah, Plaintiff and Appellee,**

v.

**Steven Lynn RICHINS, Defendant and Appellant.**

No. 20010870–CA.

Court of Appeals of Utah.

Feb. 20, 2004.

Randall W. Richards, Richards Caine & Allen PC, Ogden, for Appellant.

Mark L. Shurtleff, Attorney General, and Jeanne B. Inouye, Assistant Attorney General, Salt Lake City, for Appellee.

Before Judges BILLINGS, DAVIS, and ORME.

## OPINION

DAVIS, Judge:

¶ 1 Defendant appeals the trial court's denial of his motion to withdraw his guilty plea. We affirm.

## BACKGROUND

¶ 2 On April 14, 2000, Defendant was questioned about his involvement in two robberies that occurred at Weber County-area fast-food restaurants, on April 5, 2000 (Carl's Jr. robbery) and April 10, 2000 (Burger King robbery).[1] Defendant subsequently gave a statement to the Ogden City Police Department inculpating himself, as well as four other individuals, in the robberies.

¶ 3 For his participation in the Carl's Jr. robbery, Defendant was charged with two counts of aggravated robbery, first degree felonies under Utah Code Annotated section 76–6–302 (1999); two counts of aggravated

---

1. The April 5, 2000 robbery occurred at a Carl's Jr. restaurant and the April 10, 2000 robbery occurred at a Burger King restaurant. According-ing to the record in this case, Defendant's case number from the Carl's Jr. robbery is 001901517, and Defendant's case number from the Burger King robbery is 001901518. After pleading guilty to charges stemming from both robberies, Defendant sought to withdraw his pleas in both cases. The trial court denied Defendant's motion to withdraw his pleas in an order that referenced both case numbers.

Defendant's notice of appeal references only the plea taken in conjunction with the Carl's Jr. robbery. However, in accordance with *State v. Valdovinos*, 2003 UT App 432, 488 Utah Adv. Rep. 32, 82 P.3d 1167, we conclude that Defendant's notice of appeal "adequately notified the State and the courts that he intended to appeal" the trial court's denial of his motion to withdraw his pleas in both cases. *Id.* at ¶ 20.

kidnapping, first degree felonies under Utah Code Annotated section 76–5–302 (1999); and one count of aggravated burglary, a first degree felony under Utah Code Annotated section 76–6–203 (1999). For his role in the Burger King robbery, Defendant was charged with one count of aggravated robbery, a first degree felony under Utah Code Annotated section 76–6–302. Because Defendant acted in concert with two or more persons, the State sought penalty enhancements on all charges, pursuant to Utah Code Annotated section 76–3–203.1 (Supp.2000).

¶ 4 On September 26, 2000, one day before his scheduled trial, Defendant entered into a plea agreement with the State. In the Carl's Jr. robbery case, Defendant pleaded guilty to one count of aggravated robbery, a first degree felony, and one count of attempted aggravated burglary, a second degree felony. In the Burger King robbery case, the State reduced the aggravated robbery charge, and Defendant pleaded guilty to one count of robbery, a second degree felony under Utah Code Annotated section 76–6–301 (1999). In exchange, the State dropped the remaining charges and penalty enhancements.

¶ 5 Unbeknownst to his appointed counsel, Defendant filed a pro se motion to withdraw his guilty pleas on or about October 25, 2000.[2] On November 15, 2000, Defendant's appointed counsel filed a motion to withdraw Defendant's guilty pleas. On December 12, 2000, Defendant retained private counsel, who also filed a motion to withdraw Defendant's guilty pleas on April 23, 2001. This motion incorporated Defendant's pro se motion and generally asserted that the trial court did not strictly adhere to the plea colloquy requirements outlined in rule 11 of the Utah Rules of Criminal Procedure because "the trial court omitted certain elements of the [r]ule 11 colloquy."

¶ 6 During oral argument on Defendant's motion, defense counsel clarified the challenge to the rule 11 colloquy upon a question from the trial court:

TRIAL COURT: But, again, just go back so I can nail this down in my mind. Aside from Ms. Larkin's concerns about the specificity of the elements, you're not otherwise challenging [r]ule 11?

DEFENSE ATTORNEY: Well, except for that.

Defendant now appeals his guilty plea in the Burger King robbery case on the basis that, pursuant to rule 11(e)(4)(B), there was not a sufficient factual basis given for that guilty plea.

ANALYSIS

¶ 7 The sole issue on appeal is whether the trial court erred in denying Defendant's motion to withdraw his guilty plea in the Burger King robbery case. Defendant argues that the trial judge who accepted his guilty plea erred by not strictly adhering to rule 11(e)(4)(B) of the Utah Rules of Criminal Procedure, which requires that a factual basis for the plea be recited for the record. The State, inter alia, asserts that Defendant's failure to preserve this issue in the trial court, when he argued his motion to withdraw his guilty plea, precludes our consideration thereof on appeal.

¶ 8 "As a general rule, appellate courts will not consider an issue, including a constitutional argument, raised for the first time on appeal unless the trial court committed plain error or the case involves exceptional circumstances." *State v. Brown*, 856 P.2d 358, 359 (Utah Ct.App.1993). In order to preserve an issue for appeal, it "must be raised in a timely fashion, must be specifically raised such that the issue is sufficiently raised to a level of consciousness before the trial court, and must be supported by evidence or relevant legal authority." *State v. Schultz*, 2002 UT App 366, ¶ 19, 58 P.3d 879 (quotations and citations omitted). "The trial court is considered 'the proper forum in which to commence thoughtful and probing analysis' of issues." *Brown*, 856 P.2d at 360 (citation omitted). The preservation rule allows "the trial court an opportunity to 'ad-

---

**2.** It is somewhat unclear which day this motion was filed. Defendant's motion is dated October 23, 2000, but it was received by the trial court on October 30, 2000. Because the State had conceded in the proceedings below that the motion was filed on or about October 25, 2000, we will use this date as the date Defendant filed his motion.

dress the claimed error, and if appropriate, correct it.' " *State v. Cram*, 2002 UT 37, ¶ 10, 46 P.3d 230 (quoting *State v. Holgate*, 2000 UT 74, ¶ 11, 10 P.3d 346). Additionally, "[f]ailing to argue an issue and present pertinent evidence in that forum denies the trial court 'the opportunity to make any findings of fact or conclusions of law' pertinent to the claimed error." *Brown*, 856 P.2d at 360 (citation omitted).

¶ 9 Defendant argues that the trial court failed to strictly adhere to the requirements of rule 11(e)(4)(B) because the record did not contain an adequate factual basis to support a plea to the Burger King robbery. The State counters that Defendant's motion to withdraw his guilty plea did not preserve his argument under rule 11(e)(4)(B) because the motion was not grounded upon failure to comply with the requirements of rule 11(e)(4)(B).

¶ 10 Defendant's written motion stated that the trial court did not strictly adhere to the rule 11 plea colloquy because "the trial court omitted certain elements of the [r]ule 11 colloquy." Furthermore, upon questioning from the trial court to clarify Defendant's rule 11 challenge, Defendant's counsel confirmed that the rule 11 challenge centered upon "the specificity of the elements." Thus, Defendant's challenge focused the trial court on rule 11(e)(4)(A), which requires a trial court to find, before the taking of a guilty plea from a defendant, that "the defendant understands the nature and *elements of the offense* to which the plea is entered." Utah R.Crim. P. 11(e)(4)(A) (emphasis added). A challenge by Defendant under this rule is distinct from a challenge under rule 11(e)(4)(B), requiring that "there is a factual basis for the plea." Utah R.Crim. P. 11(e)(4)(B).

¶ 11 The trial court, in this case, made findings that pertained to Defendant's rule 11(e)(4)(A) challenge. In its oral findings, the trial court stated:

> Not only did [the trial court judge] *cover the requisite elements of the offense and define the meaning of a dangerous weapon,* but the State's proffer of evidence in support of the plea detailed Defendant and other defendants using guns or facsimiles of guns and holding victims at gunpoint in Burger King and Carl's—Carl's Junior for money. [The judge] asked the Defendant if those facts occurred. And the Defendant admitted them.

(Emphasis added.) Additionally, the trial court judge made written findings, noting that "[t]he colloquy ... covered all the elements required by [r]ule 11(e) of the Utah Rules of Criminal Procedure ... [and] also adequately informed the Defendant of the specific elements of the offense." Especially, in light of Defendant's motion and defense counsel's statement at the motion hearing, these two findings clearly pertain to rule 11(e)(4)(A) rather than rule 11(e)(4)(B). By not specifying a challenge under rule 11(e)(4)(B), Defendant "denie[d] the trial court 'the opportunity to make any findings of fact or conclusions of law' pertinent to the claimed error." *Brown*, 856 P.2d at 360 (citation omitted). We therefore conclude that in Defendant's motion to withdraw his plea and subsequent hearing thereon, raising a challenge under rule 11(e)(4)(A), or even rule 11 generally, did not adequately preserve his challenge under rule 11(e)(4)(B). Accordingly, we decline to address the issue on appeal.[3] *See Schultz*, 2002 UT App 366 at ¶ 19, 58 P.3d 879.

## CONCLUSION

¶ 12 Because Defendant did not preserve his rule 11(e)(4)(B) challenge before the trial

---

3. Defendant also argues that even if he failed to preserve the issue for appeal under rule 11 of the Utah Rules of Criminal Procedure, this court should consider his argument under a plain error challenge. *See State v. Hansen*, 2002 UT 114,- ¶ 21 n. 2, 61 P.3d 1062 ("When a party fails to preserve an issue for appeal, we will nevertheless review the issue if the appealing party can demonstrate plain error or exceptional circumstances."). However, if any error existed in the rule 11 plea colloquy, such error would not have

been obvious to the court when considering the motion to withdraw guilty plea. *See State v. Weeks*, 2002 UT 98,¶ 25, 61 P.3d 1000 (concluding that appellant's plain error claim failed where such error would not have been obvious). Indeed, upon a reading of the transcript of the plea colloquy, it was far from obvious to us. Gleaning Defendant's theory of error required us to hear, and eventually come to understand, a rather elaborate explanation.

court, he has failed to preserve his claim for appeal. We therefore affirm the trial court's denial of Defendant's motion to withdraw his guilty plea.

¶ 13 WE CONCUR: JUDITH M. BILLINGS, Presiding Judge and GREGORY K. ORME, Judge.