2009 UT App 113

**Alan V. PITT, Plaintiff and Appellant,**

v.

**Robert TARON, Ray H. Dewsnup, Sally A. Dewsnup, et al., Defendants and Appellees.**

**No. 20080380–CA.**

Court of Appeals of Utah.

May 7, 2009.

Before Judges BENCH, ORME, and DAVIS.

## MEMORANDUM DECISION

ORME, Judge:

¶ 1 We do not reach Appellant Alan V. Pitt's challenges to the trial court's factual findings, including his claim that the trial "[c]ourt failed to define the requisite 20 year[ ] period it was considering" in its boundary by acquiescence and prescriptive easement rulings, because he failed to object to the adequacy of the factual findings below. Under the rule announced in *438 Main Street v. Easy Heat, Inc.*, 2004 UT 72, ¶ 9, 99 P.3d 801, he therefore has not preserved his challenges to the factual findings as he did not call the trial court's attention to any alleged errors. *See id.* ¶¶ 51, 56. *See also In re K.F.*, 2009 UT 4, ¶¶ 58–64, 201 P.3d 985 (reaffirming *438 Main Street*, notwithstanding Utah Court of Appeals's expressed concerns, and holding that timely objection must be made to adequacy of trial court's findings in order to preserve issue for appeal). We accordingly presume the factual findings are valid. *See Davis v. Young*, 2008 UT App 246, ¶ 13, 190 P.3d 23 ("Because Young has failed to successfully challenge [the trial court's] findings, we accept them as true.").

¶ 2 Pitt's challenge to the trial court's legal conclusion that he failed to prove boundary by acquiescence is rejected. The factual finding discussing Holly Shields's testimony supports the trial court's conclusion that Pitt failed to prove "by a preponderance of the evidence that the landowners occupied the land up to a visible line for a complete period of 20 years." Shields testified that the fence was never a permanent fence but moved around to accommodate the sheep's needs, even during the late sixties and early seventies. This finding and the underlying testimony on which it is based [1] indicate that

Gary Buhler, Grantsville, for Appellant.

Richard Tanner, Tooele, for Appellees.

---

1. To the extent Pitt challenges the sufficiency of the evidence supporting this factual finding, and others, and to the extent such a challenge does not require preservation under *In re K.F.*, 2009 UT 4, ¶ 60, 201 P.3d 985 (discussing how challenges to sufficiency of evidence supporting factual findings are different from challenges to adequacy or detail of factual findings and that sufficiency of evidence challenges would not require preservation); *Trubetzkoy v. Trubetzkoy*, 2009 UT App 77, ¶ 22, 626 Utah Adv. Rep. 10, 205 P.3d 891 (indicating appellate court could not review adequacy of factual findings due to lack of preservation but could review sufficiency

even during the first twenty years,[2] the property owners did not continuously occupy their respective portions of land up to the fence line as a boundary. *See RHN Corp. v. Veibell,* 2004 UT 60, ¶ 23, 96 P.3d 935 (listing the elements necessary to prove boundary by acquiescence as "(i) occupation up to a visible line marked by monuments, fences, or buildings, (ii) mutual acquiescence in the line as a boundary, (iii) for a long period of time, (iv) by adjoining landowners") (citation and internal quotation marks omitted); *id.* ¶ 30 (stating that, in Utah, the "long period of time" element "mean[s] at least twenty years"). Furthermore, the trial court found that the fence's purpose was "to contain livestock," "not to delineate relative ownership rights." Thus, the court's conclusion that the mere existence of any fence "d[id] not demonstrate mutual acquiescence in the fence as a boundary" is also supported by its factual findings. *See Hales v. Frakes,* 600 P.2d 556, 559 (Utah 1979) (discussing cases showing that when a barrier is not erected as a boundary, "but ... for some other purpose," e.g., to contain sheep, "the parties can claim

to the true boundary line, and there can be no boundary by acquiescence"). *See also id.* ("Where there is no proof of acquiescence in the line *as the boundary,* there can be no boundary by acquiescence. And a failure to meet any *one* of the elements of the doctrine defeats the boundary.") (first emphasis added).

 ¶ 3 Insofar as Pitt challenges the trial court's legal conclusion that he failed to prove his prescriptive easement claim, and even though the trial court erred in stating that the use had to be "for the last twenty years," *see Valcarce v. Fitzgerald,* 961 P.2d 305, 311 (Utah 1998) (stating that the required showing in a prescriptive easement case is that the use in question be continuous "for a period of twenty years," which need not be the last twenty years), the trial court's findings show that there was "ample evidence of use by permission" from the previous owners. The trial court therefore appropriately determined that "evidence of use by permission ... defeat[ed] the prescriptive easement claim."[3] *See id.* ("A party claim-

of evidence supporting factual findings), we conclude there was adequate evidentiary support for the trial court's findings and conclusions, even though much of the evidence was in conflict.

With respect to Pitt's argument that the trial court failed to consider unchallenged or undisputed evidence that he presented at trial, we note that the trial court indicated from the bench, when entering its factual findings into the record, that it did consider all the evidence and found it conflicting. As the trier of fact in a bench trial, the trial court "is in the best position to" weigh conflicting evidence and the credibility of witnesses. *Homer v. Smith,* 866 P.2d 622, 627 (Utah Ct.App.1993) (stating that "[c]learly, the fact-finder is in the best position to judge the credibility of witnesses and is free to disbelieve their testimony," even when the testimony is not controverted by other evidence), *cert. denied,* 878 P.2d 1154 (Utah 1994). *See* Utah R. Civ. P. 52(a) ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."). Furthermore, we note that while the photographic evidence presented by Pitt may have established that a fence or portion of a fence existed at certain specific times, the photographs would not necessarily provide conclusive evidence that the fence continuously existed for a period of twenty years, especially if other evidence indicated otherwise.

**2.** Pitt asserts that he proved his boundary by acquiescence claim because the evidence shows there was a permanent fence during the first twenty years in question, from the early 1950s to the early 1970s.

**3.** Pitt's brief discusses case law indicating that "when an oral grant of an easement has been given and not recorded and the prescriptive period is met, then the oral grant ripens into a prescriptive easement." *Orton v. Carter,* 970 P.2d 1254, 1259 (Utah 1998) (citation and internal quotation marks omitted). He baldly claims that "even if there had been an agreement between the Shields[es] and the Pitts back in the 1960's," such issue is unimportant due to the case law concerning oral grants of easements. Pitt, however, has not argued that there was an orally granted easement and, to the contrary, insists that there was never any permission to use the land. In any event, the trial court's findings and conclusions would not support a determination that an easement was orally granted. *See generally id.* ("[A] verbal agreement to transfer an interest in land can be taken out of the statute of frauds, and ... one can be estopped from challenging the oral agreement if three requirements are met: A court must find (1) that there was such an agreement, (2) that there had been part or full performance, and (3) that there was reliance thereon."). Of course, simply giving a person permission to use one's property for a certain purpose is different from

ing a prescriptive easement must prove that his use of another's land was open, continuous, and *adverse* under a claim of right for a period of twenty years.") (emphasis added); *Richins v. Struhs,* 17 Utah 2d 356, 412 P.2d 314, 316 (1966) ("The presumption ... that a use is adverse which arises from its continuance for a long period of time is not absolute. It would not preclude the owner of the servient estate ... from proving that the use was by permission. If he sustains that burden and overcomes the presumption by proof that the use was initially permissive, then the burden of going forward with evidence and of ultimate persuasion shifts back to the claimant to show that the use became adverse and continued for the prescriptive period. This is so because a claimant should not be permitted to in effect 'sneak up' on the owner by using his property under permission and then after a lapse of time claim he was using it as a matter of right.") (footnote omitted). *See also Salt Lake County v. Metro W. Ready Mix, Inc.,* 2004 UT 23, ¶ 21, 89 P.3d 155 ("[A]n appellate court may affirm a trial court's ruling on any proper grounds, even though the trial court relied on some other ground. To do so, however, the facts established in the record must be sufficient to support the alternative ground.") (alteration in original) (citations omitted).

¶ 4 Pitt also claims that Appellees' counsel "personalize[d]" the trial during opening and closing arguments, that such personalization influenced the trial court's ruling, and that the trial court exhibited bias when it allowed testimony regarding Pitt's criminal past and made comments indicating that his neighbors may have felt threatened due to his criminal history.[4] Pitt failed to object to such evidence or statements at trial and therefore failed to preserve these issues. *See 438 Main Street,* 2004 UT 72, ¶ 51, 99

P.3d 801 ("In order to preserve an issue for appeal[,] the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue. This requirement puts the trial judge on notice of the asserted error and allows for correction at that time in the course of the proceeding.... Issues that are not raised at trial are usually deemed waived.") (first alteration in original) (citations and internal quotation marks omitted). We point out, however, that the evidence of Pitt's criminal history appears to have been properly elicited for the purpose of proving that he was incarcerated for various periods of time and therefore did not *continuously* use the Dewsnups' property. *See* Utah R. Evid. 404(b) ("Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes[.]"). We also note that the court's use of the word "bully" and its questions about what people had to do to prevent a neighbor from driving onto their land and what was required if they were frightened of their neighbor, all came up in the course of a dialogue about the meaning of "adverse use." *Cf. Richins,* 412 P.2d at 316 ("If the use is in fact adverse and appears to be so, that is all that is required. Even though it is sometimes referred to as a hostile use, it is not necessary that there be any open hostility manifest in the use of force or any overt physical or verbal opposition if the condition just stated is met."). And even if Appellees' counsel made improper comments that personalized the issues, when the trial is to the bench we assume the trial court disregards any improper statements. *Cf. In re Estate of Baxter,* 16 Utah 2d 284, 399 P.2d 442, 445 (1965) ("[W]hen the trial is to the court, his rulings on evidence need not be

---

granting him or her an easement in the land. *See Lunt v. Kitchens,* 123 Utah 488, 260 P.2d 535, 537–38 (1953).

4. Pitt also challenges other rulings of the trial court, claiming bias. We do not see any prejudicial error in the trial court's rulings on these issues and decline to discuss them further. *See generally State v. Carter,* 776 P.2d 886, 888 (Utah 1989) (indicating that appellate courts "need not analyze and address in writing each and every argument, issue, or claim raised"). We do note,

however, that to the extent Pitt challenges remarks by the trial court indicating that Pitt did have access to his barn over his own property but did not make use of such access because it was inconvenient, Pitt has not specifically argued that he had the right to ingress and egress over the Appellees' property based on an easement by necessity theory. Moreover, Pitt himself testified that access to the barn would be "[v]ery inconvenient" via use of his own property.

subjected to quite such critical scrutiny as when it is to the jury, because in arriving at his conclusions upon the issues he will include in his consideration of them his knowledge and his judgment as to the competency, materiality and effect of evidence."); *Illinois v. Myatt*, 66 Ill.App.3d 642, 23 Ill.Dec. 449, 384 N.E.2d 85, 88 (1978) ("[I]n a bench trial, where a prosecutor's remarks are in error, the judge is presumed to have disregarded them; there will not be a reversal unless it affirmatively appears that the court was misled or improperly influenced by such remarks.") (citations omitted).

¶ 5 Finally, Pitt contends that he was denied his right to a fair trial in violation of the Open Courts clause of the Utah Constitution when the trial court required Pitt's counsel to curtail his cross-examination of a "key" witness. *See* Utah Const. art. 1, § 11; *Tindley v. Salt Lake City Sch. Dist.*, 2005 UT 30, ¶ 13, 116 P.3d 295 (indicating that the Open Courts clause provides "procedural protections" and "secures substantive rights" for Utah citizens). Rule 611(a) of the Utah Rules of Evidence provides that "[t]he court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." Utah R. Evid. 611(a). Further,

[t]he trial court, with its inherent powers as the authority in charge of the trial, has broad latitude to control and manage the proceedings and preserve the integrity of the trial process. In fulfilling this role, the trial court is responsible for carrying [the trial] forward as efficiently and expeditiously as possible consistent with fairness and thoroughness in administering justice.

*State v. Parsons*, 781 P.2d 1275, 1282 (Utah 1989) (second alteration in original) (citations and internal quotation marks omitted). *See McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 282 (5th Cir.) (discussing trial court's ability to set time limits on the presentation of evidence generally and its "special latitude in applying time limits in a bench trial, since the court often has become familiar with the case long before trial begins and can readily comprehend the evidence presented"), *cert. denied*, —— U.S. ——, 129 S.Ct. 198, 172 L.Ed.2d 141 (2008).

¶ 6 The record shows that trial was scheduled to be conducted over the course of one and one-half days on April 9 and 10, 2008. On the 10th, the trial court began to manage the time Pitt's counsel had to cross-examine Robert Taron. Defendant did not object to this management of time or request more time to finish cross-examining Taron at a later date.[5] Furthermore, as pointed out by Appellees, Pitt's counsel did ask the witness well over a hundred questions and was allowed time for recross-examination of the witness.

¶ 7 As Pitt was given ample opportunity to confront and cross-examine Taron, he was not denied a fair trial.[6] If the issues that Pitt alleges he was unable to reach were so important to his case, he could and should have brought the time-related problem to the trial court's attention and at least requested an opportunity to finish examining Taron at a later date. He cannot, for the first time on appeal, challenge the court's termination of the trial at the scheduled time when he never

---

**5.** Pitt has not stated where this issue was preserved in the record. We note that when the trial court indicated that Pitt's counsel had five minutes left, counsel stated, "I'll try, Your Honor," and the court responded, "No, no, you will actually." No additional statements were made by Pitt's counsel when the court indicated that it was time for redirect by Appellees' counsel.

**6.** Pitt cites only *Board of Education v. Barton*, 617 P.2d 347 (Utah 1980), in support of his argument that the trial court erred in curtailing his cross-examination of the witness in question.

*Barton* is distinguishable because in that case the trial court prevented counsel from asking certain questions regarding a witness's employment, which testimony the Utah Supreme Court ruled "went to the heart of the issue at trial" and which testimony "[t]he jury was entitled to know" in order "to give proper weight to [the witness's] testimony." *Id.* at 349. Because the trial court in that case foreclosed these important questions, "the defendant was effectively precluded from calling [the witness] under the restriction imposed." *Id.* at 351.

objected or requested additional time below.[7] *See 438 Main Street v. Easy Heat, Inc.,* 2004 UT 72, ¶ 51, 99 P.3d 801. Pitt mentions that the trial court did not affirmatively indicate that the trial could be continued. Pitt, however, cites no authority providing that if a trial court fails to make its predisposition to grant a continuance known to a party, such a failure relieves the party of its obligation to bring its desire for a continuance to the trial court's attention.

¶ 8 Affirmed.

¶ 9 I CONCUR: JAMES Z. DAVIS, Judge.

¶ 10 I CONCUR IN THE RESULT: RUSSELL W. BENCH, Judge.

---

7. Pitt has not argued plain error or exceptional circumstances. *See generally State v. Richins,* 2004 UT App 36, ¶ 8, 86 P.3d 759 ("As a general rule, appellate courts will not consider an issue, including a constitutional argument, raised for the first time on appeal unless the trial court committed plain error or the case involves exceptional circumstances.") (citation and internal quotation marks omitted).