Dan SPERRY, dba Sperry Chevron Distributing, Plaintiff and Respondent,

v.

Wayne SMITH, Wayne Saunders, and Larry Ritchins, all dba Riverbed Ranch, Defendants and Appellants.

No. 18884.

Supreme Court of Utah.

Nov. 27, 1984.

E. Craig McAllister, Provo, for defendants and appellants.

Steven R. Jackson, Delta, for plaintiff and respondent.

HOWE, Justice:

This is an appeal from the denial of a motion to vacate a summary judgment which had been entered against the defendants, Wayne Saunders and Larry Ritchins. The judgment was for the sales price of fuel products sold by the plaintiff to Riverbed Ranch, a partnership composed of the three defendants.

When the plaintiff filed his complaint against the three defendants, Saunders and Ritchins secured an attorney, Craig McAllister, to file an answer to the complaint for them. The answer was a general denial. On June 3, 1982, the plaintiff's attorney mailed to McAllister a motion for summary judgment and noticed it up for hearing in the court below for June 15. McAllister apparently received the motion and notice the next day because he wrote his clients a letter that day to inform them of the hearing on June 15. He indicated that he would not respond to the motion nor appear in court at the hearing without payment of a retainer that they had promised him. In his letter he also notified them that he had withdrawn as their attorney. On June 4, he also prepared and mailed to plaintiff's attorney a copy of a notice of withdrawal as counsel for Saunders and Ritchins effective immediately. McAllister certified on the original notice of withdrawal that he had mailed a copy to plaintiff's counsel on June 4. However, plaintiff's counsel claimed that he did not ever receive a copy of that notice. The original notice of withdrawal was filed in the office of the clerk of the court below on June 11.

On June 15, the plaintiff's motion for summary judgment came on for hearing.

None of the defendants appeared in person or through counsel. The trial judge granted summary judgment against all three defendants, despite the notice of withdrawal by McAllister in the court's file.

On September 2, Saunders and Ritchins were served with orders in supplemental proceedings requiring them to appear in the trial court on September 4. They immediately contacted McAllister and induced him to reenter the case as counsel for them. On September 9, McAllister moved to set aside the summary judgment basing his motion on Rule 60(b)(3) and (7) of the Utah Rules of Civil Procedure. Subsection (3) deals with "misconduct of an adverse party" and subsection (7) is the catch-all of "any other reason justifying relief from the operation of the judgment." The misconduct of the adverse party that McAllister complained about was the failure of plaintiff's counsel to observe Rule 2.5 of the Rules of Practice of the District Courts of the State of Utah which prescribes the procedure to be followed when an attorney withdraws:

> When an attorney withdraws as counsel of record, written notice of the withdrawal must be served upon the client of the withdrawing attorney and upon all other parties not in default and a certificate of service must be forthwith filed with the court. An attorney may not withdraw without an order of the court where such withdrawal would result in a delay of trial. If a trial date has been set, the notice of withdrawal served upon the client shall include a notification of the trial date.
>
> *When an attorney dies or is removed or suspended or withdraws from the case or ceases to act as an attorney, the party to an action for whom such attorney was acting, must before any further proceedings are had against him, be required by the adverse party, by written notice to appoint another attorney or to appear in person.* [Emphasis added.]

The plaintiff's attorney admittedly did not comply with the rule and give written notice to Saunders or Ritchins to either appoint another attorney or to appear at the hearing in person. He seeks to excuse that omission because he did not know of McAllister's withdrawal since he did not receive the copy which McAllister certified that he mailed to him on June 4. He further contends that it is inconsequential that he did not receive the copy because McAllister's attempt to withdraw was ineffective since he did not certify on the notice of withdrawal that he had served a copy upon his clients. Thus, he argues McAllister had not "effectively withdrawn" and Rule 2.5 did not come into operation. Alternatively, he argues that the district court had the right to waive compliance with its own Rule 2.5.

McAllister counters that the rule only required that he mail a copy of the notice of withdrawal to opposing counsel and that he cannot be held responsible for the failure of counsel to actually receive it. He also points out that while he did not certify on the original notice of withdrawal that he had mailed a copy to Saunders and Ritchins, there is no dispute but that he did write them a letter on June 4 advising them that he was withdrawing immediately as their attorney.

█ We cannot accept the plaintiff's argument that McAllister had not fully and completely withdrawn as counsel. McAllister prepared and filed with the trial court a written notice of withdrawal. On it, he certified that he had mailed a copy to the plaintiff's attorney. In so doing, he complied with Rule 5(b)(1), Utah Rules of Civil Procedure. That rule provides for the service of notices on opposing counsel by mail, and service is complete upon mailing. Although he did not also certify that he mailed a copy to his clients, it is undisputed that he did the same day notify his clients by letter of his withdrawal and his reasons for doing so. McAllister had, therefore, substantially complied with Rule 2.5 on withdrawal of counsel.

█ When the motion for summary judgment was heard before the court, it is true that plaintiff's attorney had received no notice of McAllister's withdrawal. He, therefore, cannot be faulted for proceeding

with the hearing he had scheduled. However, in the case file which was before the trial judge, there was the original notice of McAllister's withdrawal. In view of this filing, the trial judge should have required plaintiff's attorney to then give notice to Saunders and Ritchins in accordance with Rule 2.5 before proceeding to hear and grant the motion for summary judgment. Since the judgment was entered after the failure of the court to follow one of its own rules, we conclude that the trial court abused its discretion in refusing to set aside the summary judgment when the error was brought to its attention. While it may be true that in certain instances, trial courts have the inherent power to waive compliance with their own rules, no reason has been suggested here why there should have been a waiver. McAllister's withdrawal brought about the very situation which Rule 2.5 was designed to address. Saunders and Ritchins should not be deprived of the salutary protection of the rule.

Under the authority of Rule 60(b)(7), Utah Rules of Civil Procedure, we vacate the summary judgment entered below and remand this case to the trial court for further proceedings. Costs are awarded to appellants.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.