STATE of Utah, Plaintiff and Appellee,

v.

Lonnie Kirkland MASCIANTONIO,
Defendant and Appellant.

No. 920466–CA.

Court of Appeals of Utah.

April 1, 1993.

Gary W. Pendleton, St. George (argued), for defendant and appellant.

Jan Graham, State Atty. Gen. and Kris Leonard (argued), Salt Lake City, for plaintiff and appellee.

Before GREENWOOD, JACKSON and RUSSON, JJ.

## OPINION

GREENWOOD, Judge:

Defendant, Lonnie Kirkland Masciantonio, entered a conditional plea of "no contest" to forgery, a second degree felony, in violation of Utah Code Annotated section 76–6–501(3)(b) (1990). *See State v. Sery*, 758 P.2d 935, 939 (Utah App.1988) (allowing defendant to enter a plea conditioned upon his right to appeal the trial court's denial of his motion to dismiss). Because we agree with defendant's contention that the act with which she was charged warrants only a class A misdemeanor conviction, we reverse and remand.

## BACKGROUND

In April 1991, while working as assistant manager at Radio Shack, in St. George, Utah, defendant allegedly forged several documents to cover her theft of property from the store. One of these documents, and the only one at issue here, appeared to bear the signature of a customer, Leslie Church (the Church document). The Church document represented that Leslie Church had returned several items of merchandise and received a cash refund from the store's manager. Two other documents indicated that defendant had made

payments to the manager on merchandise held on layaway. The manager in question was neither working at the time shown on the Church document nor the times indicated on the documents reflecting defendant's layaway payments. Defendant was working at all of the times listed.

The store owner discovered the documents and determined that they had been fabricated. The manager denied having handled any of the transactions. The returned merchandise described in the Church document could not be found. After the owner contacted police authorities, defendant was charged with forgery. The State alleged that defendant had forged the Church document to conceal her theft of cash or merchandise from the store.

Defendant filed a motion to quash, claiming that the information improperly charged her with a second degree felony. The trial court denied the motion, holding that forgery of the Church document could legally constitute a second degree felony. The trial court reasoned that the Church document purported to represent "a pecuniary interest in or claim against [an] ... enterprise," as included in subsection (3)(b). The trial court then accepted defendant's no contest plea, stayed imposition of sentence, and placed defendant on probation for thirty-six months.

■ On appeal, defendant claims the trial court erred in concluding that the Church document comes within the parameters of subsection (3)(b). This appeal, therefore, presents a question of statutory interpretation and application. We review a trial court's statutory interpretation for correctness, according it no particular deference. *State v. Vigil*, 842 P.2d 843, 844 (Utah 1992); *State v. Singh*, 819 P.2d 356, 359 (Utah App.1991), *cert. denied*, 832 P.2d 476 (Utah 1992).

## ANALYSIS

■ The pertinent language in the statute at issue provides as follows:

(3) *Forgery is a felony of the second degree if the writing is or purports to be:*

(a) a security, revenue stamp, or any other instrument or writing issued by a government, or any agency thereof; or

(b) a check with a face amount of $100 or more, an issue of stocks, bonds, or any other instrument or *writing representing an interest in or claim against property, or a pecuniary interest in or claim against any person or enterprise.*

(4) Forgery is a felony of the third degree if the writing is or purports to be a check with a face amount of less than $100; *all other forgery is a class A misdemeanor.*

Utah Code Ann. § 76–6–501(3) & (4) (1990) (emphasis added).

The trial court found the Church document professed "to be a receipt signed by one Leslie Church purporting to acknowledge the payment of the sum of $227.79." The trial court also found that although the Church document did not fall within other specific provisions of the statute, it did "purport to represent 'a pecuniary interest in or claim against any ... enterprise': to wit: Colf's plumbing, dba Radio Shack." The forgery of the Church document was, therefore, penalized as a second degree felony under subsection (3)(b). Defendant asserts that because the Church document is not described within subsection (3)(b) of the statute, she should only have been charged with a class A misdemeanor under subsection (4), which punishes all other forgery not specifically described in the statute.

■ Based upon principles of statutory construction, we conclude that the Church document did not constitute an interest or claim within the ambit of subsection (3)(b). When interpreting statutory language, we first examine the statute's plain language and resort to other methods of statutory interpretation only if the language is ambiguous. *State v. Vigil*, 842 P.2d 843, 845 (Utah 1992); *State v. Singh*, 819 P.2d 356, 359 (Utah App.1991), *cert. denied*, 832 P.2d 476 (Utah 1992). In addition, we construe the statute to give effect to legislative intent in so far as possible, and in doing so, assume "the Legislature used each term advisedly, and we give effect to each term according to its ordinary

and accepted meaning." *Versluis v. Guaranty Nat'l. Cos.*, 842 P.2d 865, 867 (Utah 1992).

Subsection (3)(b)'s plain meaning does not encompass the type of document at issue in this case. The trial court found the Church document to be a "receipt." This finding was not challenged and is consistent with both the face of the document and the evidence. Webster's Dictionary defines "receipt" as "a writing acknowledging the taking or receiving of goods or money delivered or paid." *Webster's Third Int'l Dictionary* 1894 (3d ed. 1986). Subsection (3)(b), on the other hand, contains the terms "interest" and "claim." Webster's defines "interest" as a "right, title, or legal share in something ... participation in advantage, profit and responsibility." *Id.* at 1178. "Claim" is defined as a "demand for compensation, benefits, or payment." *Id.* at 414. According to Webster's and common understanding, "interest" and "claim" both indicate that something is owed. By contrast, according to Webster's and the usually accepted meaning, a "receipt" documents a concluded transaction, not a right to receive something of value in the future. In fact, an interest or claim is extinguished by a receipt showing satisfaction or payment of the interest or claim. A receipt, therefore, cannot represent "a pecuniary interest in or claim against any person or enterprise," as stated in subsection (3)(b).

In attempting to give effect to legislative intent, we note the legislature could have easily included forgery of a receipt within the acts constituting a second degree felony, but did not do so. The plain meaning of receipt and a common sense reading of the statute preclude our expanding the scope of subsection (3)(b) to encompass the construction which the trial court applied. Therefore, forgery of the Church document cannot warrant a conviction under subsection (3)(b). Instead, the Church document may properly be included under subsection (4), which punishes "all other forgery" as a class A misdemeanor.

## CONCLUSION

Because the trial court erred in basing defendant's conviction on subsection (3)(b) rather than subsection (4), we reverse and remand. Defendant's conviction should be corrected to reflect the proper statutory provision, and she should be resentenced in a manner consistent therewith.

JACKSON and RUSSON, JJ., concur.