1999 UT App 175

**John A. LOPORTO, Plaintiff and Appellee,**

v.

**Lucy Z. (Loporto) HOEGEMANN, Defendant and Appellant.**

**No. 981114–CA.**

Court of Appeals of Utah.

May 27, 1999.

Michael D. Hughes and Samuel G. Draper, Hughes & Read, St. George, for Appellant.

R. Clayton Huntsman and Paul R. Christensen, Huntsman & Christensen, St. George, for Appellee.

Before WILKINS, P.J., GREENWOOD, Associate P.J., and DAVIS, J.

OPINION

GREENWOOD, Associate Presiding Judge:

¶ 1 Defendant Lucy Z. Hoegemann appeals from a judgment entered against her in a divorce action after her attorney withdrew from the case and the trial court entered her default. We reverse and remand for further proceedings.

BACKGROUND

¶ 2 On July 18, 1995, John Loporto filed for divorce from his wife, Lucy Z. Loporto (now known as Lucy Z. Hoegemann). After extensive pre-trial litigation, trial was finally set for Monday, June 23, 1997 (a year after the original trial date) as a result of Hoegemann successfully moving the court three times for a continuance of the trial. The court mailed notice of the trial date to Hoegemann's attorney, Harold J. Dent, on May 21, 1997. On June 17, 1997, six days before trial, Dent moved for another continuance, stating that he had a criminal trial scheduled on that date, that his partner had medical problems, and that settlement negotiations between the parties were ongoing. The trial court denied that motion on Thursday, June 19, 1997.

¶ 3 According to Hoegemann's affidavit, Dent called her on Friday, June 20, 1997, to ask if she could meet to discuss trial tactics

for the following Monday trial. She claims this was her first notice that trial was scheduled for June 23. Hoegemann told Dent she would be unable to appear on Monday because she had to work. Hoegemann further contends Dent told her it was unnecessary for her to personally appear, that he would again attempt a settlement, and that he would appear in court on Monday.[1]

¶ 4 On Monday morning, Loporto and his counsel appeared, ready for trial. Dent also appeared, but without his client. Dent then moved the court to withdraw from the case. The trial court granted his motion and then struck Hoegemann's pleadings and entered her default. The trial court indicated it would award Loporto the relief he sought in his complaint as well as attorney fees and all of Loporto's retirement fund.[2] Dent filed notice of his withdrawal on June 25, 1997. The court entered an Order, Judgment, and Decree on July 7, 1997. Hoegemann obtained new counsel and timely filed a motion to set aside the judgment under Rule 60(b) of the Utah Rules of Civil Procedure. The trial court denied her motion on December 19, 1997. Hoegemann moved the court to reconsider its decision, but the trial court also denied that motion. This appeal followed.

## ISSUES AND STANDARDS OF REVIEW

¶ 5 Hoegemann raises two challenges to the entry of default against her, the subsequent default judgment, and the denial of her Rule 60(b) motion. First, Hoegemann argues the trial court violated Rule 4–506 of the Utah Rules of Judicial Administration and section 78–51–36 of the Utah Code by placing her in default after her attorney withdrew from the case. She claims the court erred by continuing with the proceedings without first requiring opposing counsel to provide notice under the rule or the statute.[3] "A trial court's interpretation of a rule in the Utah Code of Judicial Administration presents a question of law reviewed for correctness." *Hartford Leasing Corp. v. State*, 888 P.2d 694, 697 (Utah Ct.App.1994). This court interprets a rule by analyzing the rule's " ' "plain language and resort[s] to other methods ... only if the language is ambiguous." ' " *Id.* at 701 (quoting *Stucker v. Summit County*, 870 P.2d 283, 287 (Utah Ct.App. 1994)) (quoting *State v. Masciantonio*, 850 P.2d 492, 493 (Utah Ct.App.1993)).

¶ 6 Second, Hoegemann claims the trial court erred by refusing to grant her motion to set aside the default judgment under Utah Rule of Civil Procedure 60(b) because she did not have adequate notice of the trial date. We need not address this issue, however, because we dispose of this appeal on Hoegemann's first argument.

## ANALYSIS

### Rule 4–506(3)

¶ 7 At the time of trial,[4] Rule 4–506 provided that

> defendant would be entitled to one half of that. However, based upon the facts that we haven't received child support or any of the other costs such as medical care or child care, we would be seeking for having her waive any entitlement to that retirement.
> THE COURT: Counsel, the Court, in view of this defendant's recalcitrance in prosecuting this litigation, the difficult times that this file shows that have gone on through this manner, I think the equities in the case firmly support the award of the entire retirement fund.

---

1. Dent provided an affidavit in later proceedings, disputing, in part, Hoegemann's descriptions of their communications.

2. The trial transcript reads as follows:
   THE COURT: Here comes Mr. Dent right now, so I'll stop talking for him and let him say it himself. Mr. Dent, I just put on the record the information that was conveyed to me in Loporto that indicated that your client was not here. That you had difficulty, apparently, in your relationship with the client and had asked leave to withdraw in Loporto. Is that correct, counsel?
   MR. DENT: That's correct, Your Honor.
   THE COURT: All right. Your motion to withdraw is granted. The pleadings of the defendant are ordered stricken. Mr. Christensen, you may take your relief sought, and you may take attorney's fees as well.
   MR. CHRISTENSEN: Thank you, Your Honor. My one concern is—is that there's a retirement fund in this particular matter. And under the *Woodward v. Woodward* [case], the

3. Because our analysis of Rule 4–506 is dispositive of this issue, we do not address Hoegemann's claims under section 78–51–36 of the Utah Code. *See* Utah Code Ann. § 78–51–36 (1996) ("When an attorney dies or is removed or suspended, or ceases to act as such, a party to an action or proceeding for whom he was acting as attorney must, before any further proceedings are had against him be required by the adverse party, by written notice, to appoint another attorney or to appear in person.").

When an attorney dies or is removed or suspended or withdraws from the case or ceases to act as an attorney, opposing counsel must notify, in writing, the unrepresented client of his/her responsibility to retain another attorney or appear in person before opposing counsel can initiate further proceedings against the client. A copy of the written notice shall be filed with the court and no further proceedings shall be held in the matter until 20 days have elapsed from the date of filing.

Utah Code Jud. Admin. R4–506(3) (1997).

¶ 8 Hoegemann claims the rule was violated twice: once when the trial court struck her pleadings and entered her default, and again when Loporto requested attorney fees and additional relief. Hoegemann protests that after her attorney withdrew, the default, Loporto's request for specific relief, and the later judgment constituted "further proceedings" that should have been preceded by notice under Rule 4–506(3).

¶ 9 We agree with Hoegemann that Rule 4–506 unambiguously restricts both opposing counsel and the trial court. The first sentence of subsection three requires opposing counsel to notify the client of his or her responsibility to retain another attorney or appear in person "before opposing counsel can initiate further proceedings against the client." *Id.* The rule also directs the trial court that "no further proceedings shall be held in the matter until 20 days have elapsed from the date of filing [of the notice]." *Id.*

¶ 10 Litigants have invoked Rule 4–506 to successfully challenge "further proceedings" held by the trial court, *see Sperry v. Smith,* 694 P.2d 581, 583 (Utah 1984) (summary judgment); *ProMax Dev. Corp. v. Mattson,* 943 P.2d 247, 251–52 (Utah Ct.App.1997) (en-

try of judgment), and those initiated by the opposing party. *See Hartford Leasing Corp. v. State,* 888 P.2d 694, 699 (Utah Ct.App. 1994) (motion to dismiss). In *ProMax,* the plaintiff's counsel withdrew two days before the trial court entered its written judgment. *See ProMax,* 943 P.2d at 251. The plaintiff moved to vacate the judgment, claiming, among other things, that Rule 4–506(3) had been violated. *See id.* at 252. The trial court granted the plaintiff's motion.[5]

¶ 11 Likewise, in *Sperry,* the supreme court vacated a summary judgment based on a violation of Rule 2.5 of the Rules of Practice of the District Courts of the State of Utah (the predecessor to Rule 4–506(3)).[6] *See Sperry,* 694 P.2d at 583. Because the trial court had notice that the defendants' attorney had withdrawn, the court held that the trial court should have required the plaintiffs' attorney to comply with Rule 2.5 "before proceeding to hear and grant the motion for summary judgment." *Id.*

¶ 12 In *Hartford,* four years passed between the withdrawal of the plaintiff's counsel and the time the State filed a motion to dismiss the case for lack of prosecution. *See Hartford,* 888 P.2d at 696. No documents, including the notice required by Rule 4–506(3), were filed during those four years. *See id.* The trial court granted the State's motion to dismiss, noting that although the State had failed to comply with the rule, the violation was remedied by the amount of time the plaintiff had to obtain new counsel. *See id.* at 697. On appeal, this court rejected that reasoning and concluded the plain language of Rule 4–506(3) precluded the State "from filing its motion to dismiss without first giving the required notice." *Id.* at 699. Although the plaintiff had the responsibility to prosecute the case, "the requirement of Rule 4–506 presents precisely the type of

---

4. Rule 4–506 was amended in 1997, effective November 1 of that year.

5. The trial court's ruling vacating the judgment was not challenged on appeal.

6. Rule 2.5 differed somewhat from the present Rule 4–506 by requiring that

When an attorney dies or is removed or suspended or withdraws from the case or ceases

to act as an attorney, the party to an action for whom such attorney was acting, must before any further proceedings are had against him, be required by the adverse party, by written notice to appoint another attorney or to appear in person.

*Sperry,* 694 P.2d at 582 (quoting Rule 2.5 of the Rules of Practice of the District Courts of the State of Utah).

requirement with which the State must comply in discharge of its responsibility as a defendant." *Id.*

¶ 13 Our reading of Rule 4–506's plain language compels the conclusion that the trial court erred by continuing with the proceedings after granting Dent's motion to withdraw. Dent's appearance in court on the date of trial constituted his client's appearance pursuant to the agency relationship that exists between a client and an attorney. *See Deschamps v. Pulley,* 784 P.2d 471, 474–75 n. 2 (Utah Ct.App.1989). When Dent moved to withdraw from the case, the trial court had two options: (1) deny Dent's motion to withdraw and proceed with the trial; or (2) grant the motion to withdraw but stay any further proceedings until the requirements of Rule 4–506 were fulfilled—that is, until opposing counsel filed the required notice and until twenty days elapsed from the date of that filing. Instead, the trial court granted Dent's motion and then immediately entered Hoegemann's default and struck her pleadings. In essence, the court excused Hoegemann's agent but attempted to hold her accountable even though she was not present and was no longer represented by counsel. These actions and Loporto's requests for relief constituted "further proceedings" under Rule 4–506 and, therefore, were barred by the rule.

## CONCLUSION

¶ 14 The trial court erred by striking Hoegemann's pleadings and placing her in default after granting Dent's motion to withdraw. Rule 4–506 of the Utah Rules of Judicial Administration compels opposing counsel to file a required notice and also directs the trial court to wait twenty days after that filing before holding further proceedings.

¶ 15 Accordingly, we reverse the trial court's entry of default and subsequent orders based on that default and remand this case for further proceedings consistent with this opinion.

¶ 16 WE CONCUR: MICHAEL J. WILKINS, Presiding Judge, JAMES Z. DAVIS, Judge.