2000 Utah Ct. App. 62

**N.A.R., INC., Plaintiff and Appellant,**

v.

**Edward A. FARR and Denise L. Cramer, Defendants and Appellee.**

No. 990341–CA.

Court of Appeals of Utah.

March 9, 2000.

Mark T. Olsen and Marlene F. Gonzalez, Salt Lake City, for Appellant.

Edward A. Farr, South Jordan, Appellee Pro Se.

Before GREENWOOD, P.J., JACKSON, Associate P.J., and DAVIS, J.

## OPINION

JACKSON, Associate Presiding Judge:

¶ 1 N.A.R., Inc. (NAR) challenges the trial court's denial of its motion to augment the judgment it received against Edward A. Farr. We reverse.[1]

## BACKGROUND

¶ 2 Farr owed NAR money, which NAR unsuccessfully tried to collect. NAR sued Farr and obtained a default judgment for $564.52, including $150 in attorney fees. The attorney fees were awarded under Utah Code of Judicial Administration Rule 4–505.01. The rule has a schedule allowing no more than $150 in reasonable attorney fees when the principal amount of the judgment is less than $700. *See* Utah Code Jud. Admin. R4–505.01(1).

¶ 3 After the judgment was entered, NAR used its attorney's services to collect the judgment. According to the attorney's fee affidavit filed under Utah Code of Judicial Administration Rule 4–505, the attorney charged $371 for the post-judgment collection work. NAR filed the affidavit in support of its motion to augment the judgment under Rule 4–505.01(5). In its motion, it asked the trial court to increase the original judgment to cover the additional attorney fees incurred. The trial court denied NAR's motion, "because all services identified in the motion were included in the amounts set forth in the rule allowing for a standard fee." NAR appeals.

## ANALYSIS

¶ 4 NAR argues the trial court incorrectly interpreted Utah Code of Judicial Administration Rule 4–505.01 in determining that the $150 standard fee awarded in the original judgment necessarily covered its post-judgment attorney fees as well.

¶ 5 " 'A trial court's interpretation of a rule in the Utah Code of Judicial Administration presents a question of law reviewed for correctness.' " *Loporto v. Hoegemann,* 1999 UT App 175, ¶ 5, 982 P.2d 586 (quoting *Hartford Leasing Corp. v. State,* 888 P.2d 694, 697 (Utah Ct.App.1994)). We interpret a rule by examining "the rule's ' " 'plain language and resort[ ] to other methods . . . only if the language is ambiguous.' " ' " *Id.* (citations omitted).

¶ 6 Rule 4–505.01 states, in pertinent part:

(5) Attorney fees awarded pursuant to this rule may be augmented after judgment pursuant to Rule 4–505 [which states the requirements for attorney fees affidavits]. When the court considers a motion for augmentation of attorney fees awarded pursuant to this rule, it shall consider the attorney time spent prior to the entry of judgment, the amount of attorney fees included in the judgment, and the statements contained in the affidavit supporting the motion for augmentation.

(6) Prior to entry of a judgment which grants attorney fees pursuant to this rule, any party may move the court to depart from the fees allowed by paragraph (1) of this rule. Such application shall be made pursuant to Rule 4–505.

Utah Code Jud. Admin. R4–505.01(5) and (6).

¶ 7 The trial court appears to have interpreted the mandatory fee schedule in Rule 4–505.01(1) to cover attorney fees incurred post-judgment, as well as prejudgment, although no one knows at the time of judgment whether post-judgment attorney fees will even be incurred, let alone what the amount will be. However, subsection five unambiguously allows for attorney fees that have already been awarded under the rule to be "augmented after judgment." "Augment" means "[t]o make greater, as in size, extent, or quantity; increase." *American Heritage Dictionary* 141 (2d ed.1985). Thus, under the rule's plain language, attorney fees that are included in the original judgment may be increased in "size, extent, or quantity" after the judgment. *Id.*

---

1. We have determined that "[t]he facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument." Utah R.App. P. 29(a)(3).

¶ 8 One might argue that augmentation is allowed only up to the amount set by the fee schedule, assuming the attorney fees award in the original judgment was less than the amount allowed by the schedule.[2] However, the language in subsection five is very broad and does not mention any restrictions imposed by the fee schedule. Also, attorney fees will never be unlimited under the rule—they are generally circumscribed by principles of reasonableness and trial court discretion. *Cf.* Utah Code Jud. Admin. R4-505.01(1) (allowing for "reasonable attorney fees" in fee schedule); *Pennington v. Allstate Ins. Co.*, 973 P.2d 932, 939 (Utah 1998) (reviewing for abuse of discretion trial court's award of reasonable attorney fees under Utah Rule of Civil Procedure 11); *Baldwin v. Burton*, 850 P.2d 1188, 1198 (Utah 1993) (reviewing for abuse of discretion trial court's award of reasonable attorney fees under certain statute).

¶ 9 One might further argue that subsection six governs any departure from the fee schedule. Nonetheless, subsection six refers only to prejudgment motions to increase attorney fees above the amount allowed in the fee schedule. Before judgment, a party would have no reason to move to depart from the schedule for post-judgment attorney fees. The party would not know at that time whether it would need attorney services to collect the judgment, nor what the attorney fees would be if such services were necessary. Thus, subsection six, which deals with attorney fees incurred prejudgment, does not affect the implementation of subsection five, which deals with attorney fees incurred post-judgment. They are separate sections controlling separate situations.

¶ 10 We therefore hold that the trial court incorrectly interpreted Rule 4–505.01(5)–attorney–fee–augmentation motions to be conclusively governed by subsection one's fee schedule. Because of its incorrect interpretation, the trial court failed to properly "consider the attorney time spent prior to the entry of judgment, the amount of attorney fees included in the judgment, and the state-

ments contained in the affidavit supporting the motion for augmentation," as required by Rule 4–505.01(5). We thus remand to the trial court to exercise its discretion in properly evaluating the above considerations and making a post-judgment augmentation of the original attorney fees award if appropriate. Reversed and remanded.

¶ 11 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge, and JAMES Z. DAVIS, Judge.

---

**2.** We play the devil's advocate because appellee did not file a brief. We therefore have the bene- fit of only NAR's arguments.