2000 UT App 300

**N.A.R., INC., Plaintiff and Appellant,**

v.

**Mike W. MARCEK, Defendant and Appellee.**

**No. 990620–CA.**

Court of Appeals of Utah.

Nov. 2, 2000.

Mark T. Olson and Marlene F. Gonzalez, Salt Lake City, for Appellant.

Mike W. Marcek, West Jordan, Appellee Pro Se.

Before GREENWOOD, P.J., JACKSON, Associate P.J., and THORNE, J.

## OPINION

THORNE, Judge:

¶ 1 Plaintiff North American Recovery, Inc. (NAR) appeals the trial court's decision denying entry of default judgment and an award of attorney fees. We reverse and remand.

## BACKGROUND

¶ 2 On May 22, 1997, defendants Mike and Gwen Marcek (Marceks) entered into a credit agreement with West 56th Dental for dental services. According to the terms of the credit agreement, "[s]hould collection become necessary, the responsible party agrees to pay an additional 40% collection fee, and all legal fees of collection, with or without suit, *including attorney fees* and court costs." (Emphasis added.) The Marceks incurred dental fees of $182.85.

¶ 3 On February 2, 1998, West 56th Dental concluded that the Marceks had defaulted on their obligation to pay for services rendered. Subsequently, West 56th Dental assigned the Marceks' account to NAR for collection.

¶ 4 On May 6, 1999, NAR filed a claim against the Marceks for the principal amount due, plus interest, and "a reasonable attorney's fee pursuant to Rule 4–505.01, or as established by affidavit pursuant to Rule 4–505, Utah Code of Judicial Administration." The Marceks were served with NAR's complaint and failed to file an answer within the prescribed twenty days. Thereafter, on June 16, 1998, NAR filed a proposed default judgment and an "Affidavit of Attorney's fees" stating the following:

4. [A]ttorneys in our office bill at a blended rate of $120 per hour and paralegals at $50 per hour. The following time was spent prosecuting this matter:

* Prepare and mail letter,
* Prepare Summons and Complaint,
* Prepare Default Judgment,
* Prepare Affidavit regarding Military Service,
* Prepare Affidavit of Attorney Fees,
* Prepare Notice of Default.
   Total paralegal time: 2.4
* Review and sign letter,
* Review and sign Summons and Complaint,
* Review and sign Memorandum of Costs,
* Telephone call(s) with Defendant(s),
* Review and sign Default Judgment,
* Review and sign Affidavit regarding Military Service,
* Review and sign Affidavit of Attorney Fees,
* Review and sign Judgment Information Statement,

\* Review and sign Notice of Default,
Total attorney time: .6

5. That the time listed above totals 2.4 hours of paralegal time at $50 per hour and .6 of attorney time at $120 per hour, for a total of $192.

6. That cost of document copies in this case total $5.00 at $0.10 per page.

7. That reasonable attorney's fees total $197.00.

¶ 5 In a signed Minute Entry, the trial court denied NAR's request for default judgment and attorney fees, ruling that "(1) The proposed judgment must list all defendants[, and] (2) The attorney fees must be consistent with Rule 4–505.01 [of the Utah Code of Judicial Administration], unless legal work beyond the usual and ordinary was done. Recalculate attorney fees and total judgment."

¶ 6 NAR appeals the trial court's ruling as it relates to attorney fees, arguing that the trial court erred by determining NAR's attorney fees under Rule 4–505.01, although NAR had elected to seek an award of attorney fees pursuant to Rule 4–505.

## STANDARD OF REVIEW

¶ 7 " 'A trial court's interpretation of a rule in the Utah Code of Judicial Administration presents a question of law reviewed for correctness.' " *N.A.R., Inc. v. Farr,* 2000 UT App 62, ¶ 5, 997 P.2d 343 (quoting *Loporto v. Hoegemann,* 1999 UT App 175, ¶ 5, 982 P.2d 586). However, the "[c]alculation of reasonable attorney fees is in the sound discretion of the trial court ... and will not be overturned in the absence of a showing of a clear abuse of discretion." *Dixie State Bank v. Bracken,* 764 P.2d 985, 988 (Utah 1988).

## DISCUSSION

¶ 8 In *Dixie State Bank,* the Utah Supreme Court explained that, in general, "attorney fees are awardable only if authorized by statute or contract." *Id.* "If provided for by contract, the award of attorney fees is allowed only in accordance with the terms of the contract." *Id.* In the present matter, the credit agreement executed by the

Marceks provides for an award of reasonable attorney fees "should collection become necessary."

¶ 9 Generally, a party seeking an award of attorney fees files an affidavit for fees pursuant to the requirements set forth in Utah Code of Judicial Administration Rule 4–505. In pertinent part, Rule 4–505 states:

**Applicability:**

This rule shall govern the award of attorney fees in the trial courts.

**Statement of the Rule:**

(1) Affidavits in support of an award of attorney fees must be filed with the court and set forth specifically the legal basis for the award, the nature of the work performed by the attorney, the number of hours spent to prosecute the claim or judgment, or the time spent in pursuing the matter to the stage for which attorney fees are claimed, and affirm the reasonableness of the fees for comparable legal services.

(2) The affidavit must also separately state hours by persons other than attorneys, for time spent, work completed and hourly rate billed.

. . . .

(5) Attorney fees may be awarded pursuant to this rule or pursuant to Rule 4–505.[0]1.

Utah Code Jud. Admin. R4–505.

¶ 10 The determination of reasonable attorney fees is in the sound discretion of the trial court and will not be overturned in the absence of a showing of a clear abuse of discretion. *See Dixie State Bank,* 764 P.2d at 988. The trial court's award of reasonable attorney fees must, however, "be supported by evidence in the record." *Id.* As explained in *Dixie State Bank,* the trial court should review the following four questions when determining an award of reasonable attorney fees:

(1) What legal work was actually performed?

(2) How much of the work performed was reasonably necessary to adequately prosecute the matter?

(3) Is the attorney's billing rate consistent with the rates customarily charged in the locality for similar services?

(4) Are there circumstances which require consideration of additional factors, including those listed in the Code of Professional Responsibility?

*Id.* at 990 (footnotes omitted).

■ ¶ 11 In determining an award of reasonable attorney fees, the trial court may also consider the alternative fee schedule set forth in Rule 4–505.01 of the Utah Code of Judicial Administration. Of particular note, however, "what an attorney bills or the number of hours spent on a case is not determinative." *Id.* The trial court is not bound by the fees requested in the claimant's affidavit, but rather, may consider a variety of factors, including those listed above, in reaching its determination of reasonable attorney fees, but those factors must appear clearly in the record. Simply put, the trial court's award need not incorporate the fees requested by the claimant.

¶ 12 Alternatively, a claimant may forego filing an affidavit for attorney fees, and instead elect to rely on the attorney fee schedule set forth in Utah Code of Judicial Administration Rule 4–505.01. The claimant must, however, provide the opposing party with notice of intent to proceed under Rule 4–505.01 by referring to the rule and stating the amount of attorney fees permitted by the rule in the body or prayer of the complaint. *See* Utah Code Jud. Admin. R4–505.01. Finally, Rule 4–505.01 is limited to awards for attorney fees in civil default judgments with a principal amount of $5,000 or less, is intended to provide uniformity in the amount of attorney fees awarded, and provides notice of the amount of fees the trial court may award in the event of default. *See id.*

¶ 13 In relevant part, Rule 4–505.01 states:

**Statement of the Rule:**

(1) When reasonable attorney fees are provided for by contract or statute *and the claimant elects* to seek an award of attorney fees pursuant to this rule, such fees shall be computed as follows:

| Principal Amount of Judgment, Exclusive of Costs, Between: | | Attorney Fees Allowed |
|---|---|---|
| $ 0.00 | $ 700.00 | $150.00 |
| 700.01 | 900.00 | 175.00 |
| 900.01 | 1,000.00 | 200.00 |
| 1,000.01 | 1,500.00 | 250.00 |
| 1,500.01 | 2,000.00 | 325.00 |
| 2,000.01 | 2,500.00 | 400.00 |
| 2,500.01 | 3,000.00 | 475.00 |
| 3,000.01 | 3,500.00 | 550.00 |
| 3,500.01 | 4,000.00 | 625.00 |
| 4,000.01 | 4,500.00 | 700.00 |
| 4,500.01 | 5,000.00 | 775.00 |

(2) Reference to this rule and the amount of attorney fees allowed pursuant to paragraph (1) shall be stated with particularity in the body or prayer of the complaint.

. . . .

(6) Prior to entry of a judgment which grants attorney fees pursuant to this rule, *any party may move the court to depart from the fees allowed by paragraph (1) of this rule.* Such application shall be made pursuant to Rule 4–505.

(7) If a contract or other document provides for an award of attorney fees, an original or copy of the document shall be made a part of the file before attorney fees may be awarded pursuant to this rule.

(8) No affidavit for attorney fees need be filed in order to receive an award of attorney fees pursuant to this rule.

*Id.* (emphasis added). Accordingly, the claimant has the option to proceed under Rule 4–505.01, or the discretion to depart from it and to proceed under Rule 4–505 before entry of judgment awarding attorney fees. *See id.*

■ ¶ 14 In the present matter, NAR's complaint sought judgment against the Marceks in the amount of $182.85, and for "a reasonable attorney's fee pursuant to Rule 4–505.01, or as established by affidavit pursuant to Rule 4–505, Utah Code of Judicial Administration." NAR attached a copy of the credit agreement to its complaint, and also filed an affidavit for attorney fees with

its certificate of default. Accordingly, it would appear, although it is not clear, that NAR sought to obtain an award of attorney fees under Rule 4–505.

¶ 15 The trial court denied NAR's request for entry of default judgment and its request for attorney fees, explaining that "the attorney fees must be consistent with Rule 4–505.01, unless legal work beyond the usual and ordinary was done." The trial court, in its discretion, may use the fee schedule in Rule 4–505.01 to help it determine the reasonableness of attorney fees requested under Rule 4–505. From the record before us, we are unable to discern if the trial court used the fee schedule in Rule 4–505.01 merely as one of the factors in arriving at its decision that the attorney fees requested by NAR were not to be awarded, or whether the trial court believed that Rule 4–505.01 was the sole mechanism to award fees in this case.

¶ 16 We reverse the trial court's decision denying NAR's request for attorney fees and remand for determination of an award of reasonable attorney fees pursuant to Rule 4–505.

¶ 17 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge, and NORMAN H. JACKSON, Associate Presiding Judge.