2001 UT 98

**N.A.R., INC., Plaintiff and Appellant,**

v.

**LaDean WALKER and Gregory Walker, Defendants and Appellees.**

**No. 991082.**

Supreme Court of Utah.

Nov. 9, 2001.

Mark T. Olson, Marlene F. Gonzalez, Salt Lake City, for plaintiff.

LaDean Walker, Gregory Walker, Erda, pro se.

HOWE, Chief Justice.

## INTRODUCTION

¶ 1 Plaintiff North American Recovery, Inc. (N.A.R.), a collection agency, appeals from an order denying its motion for augmentation of a default judgment to cover post-judgment legal fees. The trial court denied N.A.R.'s motion, stating N.A.R. had failed to demonstrate evidence of "considerable additional work to collect as required by rule 4–505(4) of the Utah Code of Judicial Administration."

## BACKGROUND

¶ 2 In April 1999, N.A.R. brought an action against defendants LaDean and Gregory Walker (the Walkers), to collect a debt owed by them to R.C. Willey Home Furnishings. N.A.R. obtained judgment by default against the Walkers, including an award of attorney fees in the amount of $196 based on rule 4–505(4) of the Utah Code of Judicial Adminis-

tration. To collect the judgment, N.A.R. garnished LaDean Walker's wages. In doing so, N.A.R. asserts it incurred additional attorney fees in the amount of $135 for the post-judgment legal work. In October 1999, N.A.R. filed a verified motion to augment the judgment for the additional fees incurred. The motion listed the post-judgment legal work in detail and included the following:

1. Prepare notice of default and review and sign notice of default;
2. Telephone call to defendant's employer [to] verify [defendant's] employment;
3. Prepare garnishment, review and sign garnishment, process garnishment documents;
4. Calculate balance due on the judgment;
5. Review account for further action;
6. Prepare garnishment, review and sign garnishment.

¶ 3 The trial court denied N.A.R.'s motion on the ground that "there does not appear to be any evidence of any 'considerable additional work to collect' as required by rule 4–505." N.A.R. now appeals.

### STANDARD OF REVIEW

■ ¶ 4 "A trial court's interpretation of a rule in the Utah Code of Judicial Administration presents a question of law reviewed for correctness." *N.A.R., Inc. v. Farr*, 2000 UT App. 62, ¶ 5, 997 P.2d 343, 344 (quoting *Loporto v. Hoegemann*, 1999 UT App. 175, ¶ 5, 982 P.2d 586, 587).

### ANALYSIS

¶ 5 The purpose of rule 4–505 is to "establish a uniform criteria and a uniform format for affidavits in support of attorney's fees." Utah Code Jud. Admin. R. 4–505. The plain language of the rule demonstrates the intent of the judicial council to prevent abuse of attorney fee awards by requiring that the affidavit state the specific "legal basis of the award, the nature of the work performed by the attorney, and the number of hours spent to prosecute the claim." *Id.* The claimant also must "affirm the reasonableness of the fees for comparable legal services." *Id.*

■ ¶ 6 N.A.R. contends the trial court erred in ruling that rule 4–505(4) imposes a threshold requirement that "considerable ad-

ditional work to collect" be done in order to be awarded an augmentation of attorney fees. Rule 4–505(4) provides:

4) If judgment is being taken by default for a principal sum which it is expected will require considerable additional work to collect, the following phrase may be included in the judgment after an award consistent with the time spent to the point of default judgment, to cover additional fees incurred in pursuit of collection:

"AND IT IS FURTHER ORDERED THAT THIS JUDGMENT SHALL BE AUGMENTED IN THE AMOUNT OF REASONABLE COSTS AND ATTORNEY'S FEES EXPENDED IN COLLECTING SAID JUDGMENT BY EXECUTION OR OTHERWISE AS SHALL BE ESTABLISHED BY AFFIDAVIT."

Utah Code Jud. Admin. R. 4–505. The words "which it is expected will require considerable additional work to collect" clearly establish a threshold requirement for granting a subsequent motion for augmentation of attorney fees. Consistent with the purpose of uniformity and prevention of abuse, the plain language of rule 4–505(4) authorizes specific language that "may" be included. Still, the claimant must meet the threshold requirement of "considerable additional work" enumerated in the rule.

■ ¶ 7 Despite N.A.R.'s claim, it is evident that the additional work it performed was minimal. A phone call, a calculation, and the preparation of a writ of garnishment do not rise to the level of "considerable additional work." Therefore, the trial court's finding that N.A.R. did not meet the threshold requirement was correct. Further, N.A.R. included as part of its motion to augment legal fees for services that were also listed on the affidavit of attorney fees submitted with the default judgment. On that affidavit, under attorney time, there is an entry for "review and sign notice of default." On the motion to augment, there is also an entry for "prepare notice of default and review and sign notice of default." Additionally, on the motion to augment, "prepare garnishment, review and sign garnishment" is listed twice, once on June 3, 1999, and again on October 8, 1999. The record, however, supports only the first

entry. In light of these ambiguities, the trial court's finding that N.A.R. did not meet the threshold requirement was further justified.

## CONCLUSION

¶ 8 The trial court was correct in its interpretation of rule 4–505(4) when it found that rule 4–505 imposes a threshold requirement that "considerable additional work to collect" be done in order to be awarded an augmentation of attorney fees and that N.A.R. failed to meet this requirement. Therefore, we affirm the trial court's order denying claimant's motion to augment.

¶ 9 Associate Chief Justice RUSSON, Justice DURHAM, Justice DURRANT, and Justice WILKINS concur in Chief Justice HOWE's opinion.