2008 UT App 208

**Amy J. MIGLIORE, Petitioner and Appellee,**

v.

**Scott Eugene MIGLIORE, Respondent and Appellant.**

**No. 20070445–CA.**

Court of Appeals of Utah.

May 30, 2008.

F. Kevin Bond and Budge W. Call, Salt Lake City, for Appellant.

Sylvia O. Kralik, Anthony R. Martineau, and Brett D. Cragun, Salt Lake City, for Appellee.

Before GREENWOOD, P.J., THORNE, Associate P.J., and McHUGH, J.

OPINION

GREENWOOD, Presiding Judge:

¶1 Scott Eugene Migliore (Husband) appeals the trial court's order denying his Mo-

tion to Set Aside Confession of Judgment and in Support of Respondent's Objection to Garnishment. Husband claims that the trial court erred in denying his motion because (1) Amy J. Migliore (Wife) never filed a notice to appear or appoint counsel after Husband's counsel withdrew and (2) issues of fact surround the Confession of Judgment and invalidate the entry of subsequent judgments against Husband. We affirm.

## BACKGROUND

¶ 2 Wife filed for divorce from Husband in November 2002. Shortly thereafter, Husband—via his counsel, Wendy Lems—filed an answer. The parties subsequently engaged in mediation. An agreement was allegedly reached; however, other than an interim order prepared by the mediator, the parties never reduced their agreement to a writing.

¶ 3 Almost a year after the divorce was initiated, Lems filed a Notice of Withdrawal of Counsel.[1] While Husband was unrepresented, Husband and Wife sold the marital residence. Prior to closing on the sale, Meridian Title Company required Husband to sign a document, prepared by Wife's counsel, stating that (1) following the close of the sale, Husband would pay Wife $25,000 and (2) following the sale of a portable horse barn that was on the marital property, Husband would pay Wife $70,000. The document, titled Confession of Judgment and captioned as a court document in the ongoing divorce proceedings, was filed with the court on December 5, 2003, and allegedly memorialized some of the terms of the agreement reached through mediation.

¶ 4 Because Wife had not received any of the money Husband had agreed to pay, she filed a Motion for Order to Show Cause a few months after the Confession of Judgment was filed. Notice of the order to show cause hearing was personally served on Husband. He failed, however, to appear at the hearing, and on May 5, 2004, a default judgment was entered against him. In the final judgment, the trial court stated that it had "read and

carefully considered the Confession of Judgment . . . and all of the pleadings on file herein and the evidence presented as well as the statements of counsel." The court then ordered Husband to pay Wife $25,000 plus $500 in attorney fees.

¶ 5 Still having not received any money from Husband, Wife filed a postjudgment Application for Garnishment, based on the May 5 default judgment. See Utah R. Civ. P. 64D(a). Husband was served with notice of the application, and he responded by objecting and requesting a hearing. In his objection, Husband asserted that the Confession of Judgment was "slipped in" with other documents "while signing closure on real estate property—All pages not received." The trial court scheduled a hearing for July 12, 2004. Husband again failed to appear at the hearing, and the trial court granted Wife's request for garnishment plus another $500 in attorney fees.

¶ 6 Soon after the garnishment ruling, Lems filed a Notice of Re-appearance of Counsel, a Motion to Set Aside Judgment, and a motion to extend the time to file a memorandum. The court granted Lems's requests, as well as one additional extension. Wife then filed an Application for a Writ of Execution and a second Application for Garnishment. The court issued a Writ of Continuing Garnishment to Husband's employer, and five months later, Lems filed a second Notice of Withdrawal of Counsel.

¶ 7 When Husband changed employers, Wife filed her third Application for Garnishment, which Husband, acting pro se, objected to on grounds that there was an "unlawful agreement to pay." Husband had notice of and appeared at the hearing on his motion to set aside the garnishment, which motion the trial court denied. Wife then filed a Motion and Order In Supplemental Proceedings to collect her judgments. Again, Husband appeared at a hearing on the motion, during which the trial court bifurcated the divorce proceedings, reserving for trial issues related

1. Lems's Notice of Withdrawal of Counsel did not include a statement regarding whether motions were pending. See Utah R. Civ. P. 74(a).

However, Husband does not raise any issues regarding the effectiveness of Lems's withdrawal.

to the couple's property and payment of their debts.[2]

¶ 8 In November 2006, Wife filed another Writ of Execution and Writ of Garnishment. Husband objected on grounds that "the signature for the judgment was acquired improperly." At the hearing on Husband's objection, the trial court asked for additional briefing. Husband's current counsel then entered his appearance and filed a Memorandum in Support of Motion to Set Aside Confession of Judgment and in Support of Respondent's Objection To Garnishment.

¶ 9 The trial court denied Husband's motion, stating that his objection to the validity of the Confession of Judgment was "procedurally improper" because two previous judges had ruled on the issue.[3] The court also rejected Husband's argument, raised for the first time, that application of rule 74 of the Utah Rules of Civil Procedure invalidated the Confession of Judgment. Husband now appeals.

## ISSUES AND STANDARDS OF REVIEW [4]

■ ¶ 10 Husband first argues that, per rule 74 of the Utah Rules of Civil Procedure, the trial court erred in allowing further proceedings against him after his attorney had withdrawn but before Wife's attorney had filed a notice to appear or appoint counsel. "The trial court's interpretation of the rules of civil procedure presents a question of law which we review for correctness." *Nunley v. Westates Casing Servs., Inc.*, 1999 UT 100, ¶ 42, 989 P.2d 1077.

¶ 11 Next, Husband challenges the validity of the Confession of Judgment, arguing that there was no meeting of the minds and that

the trial court should have conducted an evidentiary hearing. "We review the trial court's legal conclusion for correctness and its factual findings for clear error." *Id.* ¶ 31.

## ANALYSIS

### I. Rule 74

■ ¶ 12 Husband argues that the judgments against him are invalid because they constitute "proceedings" under rule 74 and were initiated against him in violation of that rule. *See* Utah R. Civ. P. 74(c). Wife responds that Husband waived compliance with rule 74 and, alternatively, that the Confession of Judgment is not a proceeding.

¶ 13 Rule 74 states that

[i]f an attorney withdraws ... the opposing party shall serve a Notice to Appear or Appoint Counsel on the unrepresented party, informing the party of the responsibility to appear personally or appoint counsel. A copy of the Notice to Appear or Appoint Counsel must be filed with the court. *No further proceedings shall be held in the case until 20 days after filing the Notice to Appear or Appoint Counsel unless the unrepresented party waives the time requirement* or unless otherwise ordered by the court.

*Id.* (emphasis added).

¶ 14 In *Loporto v. Hoegemann*, 1999 UT App 175, 982 P.2d 586, this court analyzed rule 74 and concluded that it imposes an unambiguous restriction on opposing counsel and the trial court. *See id.* ¶ 9. Upon learning that a party's attorney has withdrawn or otherwise been removed from the case, opposing counsel must "notify the client of his

---

2. Notwithstanding the fact that she had withdrawn, on March 2, 2006, Lems filed a Motion to Bifurcate Decree of Divorce, a stipulation and memorandum regarding the same, an affidavit regarding jurisdiction, and Bifurcated Findings of Fact and Conclusions of Law. After the trial court issued the Bifurcated Decree of Divorce, Lems filed a third Notice of Withdrawal of Counsel on June 9, 2006.

3. Judge Faust—the author of the order being appealed—was the third trial court judge to preside over this matter.

4. Wife devotes a significant portion of her brief to arguing that Husband's appeal is untimely, Husband does not meet the requirements for a rule 60(b) motion, and Husband's appeal is improper under the doctrine of res judicata. We do not, however, address these arguments at length because (1) this court has previously rejected Wife's timeliness argument, (2) whether Husband met the requirements under rule 60(b) is not relevant to a determination of whether the judgments against Husband were entered in violation of rule 74, and (3) we need not address issue preclusion.

or her responsibility to retain another attorney or appear in person 'before opposing counsel can initiate further proceedings against the client.' " [5] *Id.* (quoting Utah R. Jud. Admin. 4–506(3) (1997) (repealed 2003)). Furthermore, the trial court is prohibited from holding any further proceedings " 'in the matter until 20 days have elapsed from the date of filing [of the notice].' " *Id.* (alteration in original). Under these guidelines, the *Loporto* court reversed a default divorce judgment that had been entered against the husband in violation of rule 74. *See id.* ¶¶ 14–15.

¶ 15 Relying on *Loporto*, Husband argues that this court should reverse the judgments entered against him because they were also rendered in violation of rule 74. In responding to this same argument, the trial court disagreed with Husband and distinguished this case from *Loporto*. The trial court stated that rule 74

> was not intended to invalidate contractual agreements, especially in a case such as this one where [Husband] participated in mediation, was fully aware of the mediated agreement on which the Confession of Judgment is based and executed the Confession of Judgment as part of the closing on the sale of the marital residence, which [Husband] again fully participated in. . . . [T]he fact that [Husband] was aware of and understood the purpose and nature of the Confession of Judgment distinguishes this case from *Loporto* . . . .

¶ 16 Although we are not necessarily persuaded by the trial court's reasoning, we agree with its assertion that *Loporto* is distinguishable from the instant case. However, we distinguish on the grounds of waiver because the *Loporto* court was interpreting a version of rule 74 that did not contemplate waiver, while the current version of the rule does so contemplate. Further, we determine that Husband waived any objection under this rule when Lems reappeared yet failed to raise a rule 74 objection, and again, when

Husband entered an appearance in this case and proceeded without reference to rule 74.

¶ 17 Prior to being codified in rule 74, the procedures governing the withdrawal of counsel in a civil action were codified in rule 4–506 of the Utah Rules of Judicial Administration. *See* Utah R. Jud. Admin. 4–506 (1997) (repealed 2003); *see also* Utah Code Ann. § 78–51–36 (1996) (repealed 2001). The *Loporto* court was specifically interpreting the 1997 version of rule 4–506, which did not contain a waiver provision. *See Loporto,* 1999 UT App 175, ¶ 7, 982 P.2d 586; Utah R. Jud. Admin. 4–506 (1997) (repealed 2003); *Hartford Leasing Corp. v. State,* 888 P.2d 694, 700 (Utah Ct.App.1994) (stating that the plain language of rule 4–506 "offer[s] no room for . . . discretion to excuse compliance"). However, the current version of rule 74, which governs the facts of this case, does have a waiver provision. *See* Utah R. Civ. P. 74(c).

¶ 18 More specifically, subsection (3) of the 1997 version stated: "A copy of the written notice [to appear or appoint] shall be filed with the court and no further proceedings shall be held in the matter until 20 days have elapsed from the date of filing." Utah R. Jud. Admin. 4–506(3) (1997) (repealed 2003). The rule was amended in 1997, and subsection (4) of the amended version, which appears verbatim in the current version of rule 74, provided:

> A copy of the Notice to Appear or Appoint Counsel must be filed with the court. No further proceedings shall be held in the case until 20 days have elapsed from filing of the Notice to Appear or Appoint Counsel *unless the client of the withdrawing attorney waives the time requirement or unless otherwise ordered by the court.*

Utah R. Jud. Admin. 4–506(4) (1998) (repealed 2003) (emphasis added); *see also* Utah R. Civ. P. 74(c). Because the *Loporto* court was interpreting a version of rule 74 that did not contemplate waiver, we conclude that the holding from that case does not entirely apply here.

5. The *Loporto* court was interpreting rule 4–506 of the Utah Rules of Judicial Administration, which has since been recodified as rule 74 of the Utah Rules of Civil Procedure. *Compare* Utah R. Jud. Admin. 4–506 (repealed 2003), *with* Utah R. Civ. P. 74. For convenience, when discussing *Loporto* we refer to rule 74.

¶ 19 Furthermore, we are persuaded that Husband twice waived any rule 74 objection in this case. While we lack the benefit of any case law describing how a litigant waives the time requirement prescribed in rule 74, we conclude that in this case there was a waiver by implication when Husband proceeded with the case in the absence of raising a rule 74 objection. More precisely, the first waiver occurred when Lems reappeared yet failed to object to the default judgment on rule 74 grounds. And the second waiver occurred when Husband objected to the writ of garnishment and requested a hearing on the same, again without raising a rule 74 objection. The fact that Husband failed to appear at the hearing he requested does not affect our conclusion regarding waiver.

¶ 20 On August 2, 2004, the trial court granted Wife's request for garnishment. That same day, Lems filed a reappearance, a Motion to Set Aside Judgment in Accordance with Rule 60(b) of the Utah Rules of Civil Procedure, and a request for an extension of time to file accompanying memoranda. Lems filed for another extension "Due to Bankruptcy Filing," which the trial court also granted. Notwithstanding these two extensions, Lems never filed any accompanying memoranda, and never raised a rule 74 objection. Several months after her reappearance, Lems withdrew for the second time.

¶ 21 Wife then filed an Application for Writ of Continuing Garnishment, again without filing a notice to appear or appoint counsel. Husband, however, opted to proceed pro se and filed a Reply and Request for Hearing in objection to the writ. Husband's objection was on a preprinted court form and indicated that the Confession of Judgment was invalid because of an "unlawful agreement to pay." Husband also appeared at the hearing on his objection, and because he provides no transcript of that hearing on appeal, we presume that he failed to raise a rule 74 objection with the trial court and that the trial court was not deficient for failing to address it. *See* Utah R.App. P. 11(e)(2); *State v. Rawlings*, 829 P.2d 150, 152–53 (Utah Ct.App.1992),

overruled on other grounds by *State v. Gordon*, 913 P.2d 350, 357 n. 3 (Utah 1996). As the supreme court has explained, rule 74, "by its own terms, . . . affords [litigants] the *alternative* of appearing in person." *Utah Oil Co. v. Harris*, 565 P.2d 1135, 1136 (Utah 1977) (citing Utah Code Ann. § 78–51–36 (1996) (repealed 2001) (comparable provision at Utah R. Civ. P. 74(c))). Perhaps to Husband's detriment, he took advantage of that alternative and, in doing so, failed to indicate a rule 74 objection. We conclude that by proceeding without objection, Husband waived the requirement that Wife timely file a notice to appear or appoint counsel. The fact that Husband eventually retained counsel who noticed a potential rule 74 violation does not resurrect the previously waived claim. Thus, we affirm the trial court's ruling.

## II. The Validity of the Confession of Judgment

¶ 22 Husband briefly challenges the trial court's ruling regarding the validity of the Confession of Judgment, asserting that there was not a meeting of the minds and that the trial court should have conducted an evidentiary hearing. By Husband's own admission, "[t]his creates a factual issue." Thus, Husband was required, yet failed entirely, to marshal the evidence in favor of the trial court's ruling. Based on this failure, we affirm the trial court's ruling.[6] *See Moon v. Moon*, 1999 UT App 12, ¶ 24, 973 P.2d 431 ("When an appellant fails to meet the heavy burden of marshaling the evidence, we assume[ ] that the record supports the findings of the trial court." (alteration in original) (citation and internal quotation marks omitted)).

¶ 23 We also note that this claim is not properly before us, nor is it properly briefed. In Husband's brief to the trial court, he merely asserted that the Confession of Judgment was invalid and should be set aside; he never actually requested an evidentiary hearing. Because the trial court never ruled on

---

6. Because there was no evidentiary hearing, we recognize that there may not have been much evidence to marshal. Nonetheless, there were hearings in the trial court and the Utah Rules of Appellate Procedure require that Husband provide us with copies of the transcripts from those proceedings relevant to the issues raised. *See* Utah R.App. P. 11(e)(2).

that request, the issue is not properly before us, and we decline to rule on it on appeal. *See State v. Richins*, 2004 UT App 36, ¶ 8, 86 P.3d 759 (discussing preservation rules). Furthermore, this section of Husband's brief is wholly lacking in legal argument and research, and we refuse to take on the burden of developing the same. *See State v. Gomez*, 2002 UT 120, ¶ 20, 63 P.3d 72 ("[A] reviewing court is entitled to have the issues clearly defined with pertinent authority cited and is not simply a depository in which the appealing party may dump the burden of argument and research." (internal quotation marks omitted)).

## CONCLUSION

¶ 24 In summary, we conclude that Husband waived the requirement that Wife timely file a notice to appear or appoint counsel when he and his counsel entered appearances yet failed to raise a rule 74 objection. We decline to address Husband's argument regarding the validity of the Confession of Judgment and whether the trial court should have conducted an evidentiary hearing because those arguments were not preserved, they are inadequately briefed, and Husband failed to marshal the evidence. Consequently, we affirm.

¶ 25 WE CONCUR: WILLIAM A. THORNE, Associate Presiding Judge and CAROLYN B. McHUGH, Judge.